| | |
|---|---|
| ADLEY T. CAMPBELL, INDIVIDUALLY,   * | NO.___ __ |
| JIMMY KLOBAS, INDIVIDUALLY,   * | 4TH JUDICIAL DISTRICT COURT |
| JARETH VINET, INDIVIDUALLY,   * | PARISH OF OUACHITA |
| SIDNEY STEPHENS, INDIVIDUALLY AND* | STATE OF LOUISIANA |
| DARIN WHITTINGTON, INDIVIDUALLY   * | |

VERSUS   **17-3369**

LASALLE MANAGEMENT COMPANY, LLC   *
RICHWOOD CORRECTIONAL CENTER, LLC   *
RAY HANSEN, INDIVIDUALLY   *
CAPT. DOUGLAS, INDIVIDUALLY   *
SGT. DUAN ROSENTHAL, INDIVIDUALLY*
SGT. SHAFERS, INDIVIDUALLY   *
LT. LAWRENCE, INDIVIDUALLY   *
CORRECTIONAL OFFICER CREDIT,   *
    INDIVIDUALLY   *
CORRECTIONAL OFFICER PARKER,   *
    INDIVIDUALLY   *
XYZ INSURANCE COMPANY, INCLUSIVE *
ABC INSURANCE COMPANY, INCLUSIVE *

**OCT 1 3 2017**

FILED

_Maui Ford_
DEPUTY CLERK

*********************************************************************

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes and appears

**ADLEY T. CAMPBELL, JIMMY KLOBAS, JARETH VINET, SIDNEY STEPHENS AND DARIN WHITTINGTON**, all incarcerated and domiciled at Richwood Correctional Center located in Ouachita Parish, Louisiana during the course and scope of all occasions cited within the body of this petition and are **referred to collectively hereinafter as "Plaintiff", "Plaintiffs" or "Petitioners"**.

**ADLEY T. CAMPBELL, JIMMY KLOBAS, JARETH VINET, SIDNEY STEPHENS AND DARIN WHITTINGTON**, **each and all of them**, petition and request that this Court grant them relief in accordance with the following causes of action:

1. **NEGLIGENCE, IN VIOLATION OF LA. C.C. ART. 2315 AND LA. C.C. ART. 2320**

2. **UNREASONABLE SEARCH AND SEAIZURE, IN VIOLATION OF LA. C.C. ART. 2315; ART. I, § 5 OF THE LOUISIANA CONSTITUTION AND LA. C.C. ART. 2320**

3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, IN VIOLATION OF LA. C.C. ART. 2315 AND LA. C.C. ART. 2320**

RECEIVED

4. **UNREASONABLE AND EXCESSIVE FORCE, IN VIOLATION OF 42 U.S.C. § 1983; US. CONST. AMEND IV; US. CONST. AMEND V AND LA. C.C. ART. 2320**

5. **CONSPIRACY, IN VIOLATION OF 42 U.S.C. § 1983 AND LA. C.C. ART. 2320**

6. **CONSPIRACY WITH RACIAL ANIMUS, IN VIOLATION OF 42 U.S.C. § 1985(3) AND LA. C.C. ART. 2320**

7. **SUPERVISORY LIABILITY, IN VIOLATION OF 42 U.S.C. § 1983**

8. **RESPONDEAT SUPERIOR/NEGLIGENT HIRING, TRAINING, RETENTION AND/OR ENTRUSTMENT, IN VIOLATION OF LA. C.C. ART. 2320 AND LA. C.C. ART. 2315**

**AND,** plaintiffs, each and all of them, respectfully represent the following:

1.

Made defendants herein are:

• **LaSalle Management Company, LLC**, Petitioners are informed and believe, and allege on the basis of that information and belief that defendant is a domestic limited liability company licensed to do business in the State of Louisiana, is, and at all times herein mentioned, was a domestic limited liability company organized and existing under the laws of the State of Louisiana, engaged in the business of operating, managing and providing correctional services at a facility known as Richwood Correctional Center in the Parish of Ouachita, State of Louisiana.  Further, Petitioners are informed and believe, and allege on the basis of that information and belief that the defendant is being sued in an official capacity and in an individual capacity and was at all times relevant herein acting within the course and scope of his authority and under color of state law and is domiciled in the State of Louisiana;

• Made defendant herein is **Richwood Correctional Center, LLC**, Petitioners are informed and believe, and allege on the basis of that information and

2

belief that the defendant is a domestic limited liability company licensed to do business in the State of Louisiana, is, and at all times herein mentioned, was a domestic limited liability company organized and existing under the laws of the State of Louisiana, engaged in the business of operating, managing and providing correctional services at a facility known as Richwood Correctional Center in the Parish of Ouachita, State of Louisiana.  Further, Petitioners are informed and believe, and allege on the basis of that information and belief that the defendant is being sued in an official capacity and in an individual capacity and was at all times relevant herein acting within the course and scope of his authority and under color of state law and is domiciled in the State of Louisiana;

- Made defendant herein is **Ray Hansen**, Petitioners are informed and believe, and allege on the basis of that information and belief that the defendant is an individual, and a resident of and domiciled in the State of Louisiana and who is, and at all times herein mentioned, was employed by defendant LaSalle Management Company, LLC and/or employed by defendant Richwood Correctional Center, LLC.  Further, Petitioners are informed and believe, and allege on the basis of that information and belief that the defendant is being sued in an official capacity and in an individual capacity and at all times hereinafter mentioned was engaged in the course and scope of his employment for defendants, LaSalle Management Company, LLC and/or Richwood Correctional Center, LLC;

- Made defendant herein is **CAPT. DOUGLAS**, Petitioners are informed and believe, and allege on the basis of that information and belief that the defendant is a resident of and domiciled in the State of Louisiana and who is,

3

and at all times herein mentioned, was employed by defendant LaSalle Management Company, LLC and/or employed by defendant Richwood Correctional Center, LLC.   Further, Petitioners are informed and believe, and allege on the basis of that information and belief that the defendant is being sued in an official capacity and in an individual capacity and at all times hereinafter mentioned was engaged in the course and scope of his employment for defendants, LaSalle Management Company, LLC and/or Richwood Correctional Center, LLC;

- Made defendant herein is **SGT. DUAN ROSENTHAL**, Petitioners are informed and believe, and allege on the basis of that information and belief that the defendant is a resident of and domiciled in the State of Louisiana and who is, and at all times herein mentioned, was employed by defendant LaSalle Management Company, LLC and/or employed by defendant Richwood Correctional Center, LLC.   Further, Petitioners are informed and believe, and allege on the basis of that information and belief that the defendant is being sued in an official capacity and in an individual capacity and at all times hereinafter mentioned was engaged in the course and scope of his employment for defendants, LaSalle Management Company, LLC and/or Richwood Correctional Center, LLC;

- Made defendant herein is **SGT. SHAFERS**, Petitioners are informed and believe, and allege on the basis of that information and belief that the defendant is a resident of and domiciled in the State of Louisiana and who is, and at all times herein mentioned, was employed by defendant LaSalle Management Company, LLC and/or employed by defendant Richwood Correctional Center, LLC.   Further, Petitioners are informed and believe, and

4

allege on the basis of that information and belief that the defendant is being sued in an official capacity and in an individual capacity and at all times hereinafter mentioned was engaged in the course and scope of his employment for defendants, LaSalle Management Company, LLC and/or Richwood Correctional Center, LLC;

- Made defendant herein is **LT. LAWRENCE**, Petitioners are informed and believe, and allege on the basis of that information and belief that the defendant is a resident of and domiciled in the State of Louisiana and who is, and at all times herein mentioned, was employed by defendant LaSalle Management Company, LLC and/or employed by defendant Richwood Correctional Center, LLC.   Further, Petitioners are informed and believe, and allege on the basis of that information and belief that the defendant is being sued in an official capacity and in an individual capacity and at all times hereinafter mentioned was engaged in the course and scope of his employment for defendants, LaSalle Management Company, LLC and/or Richwood Correctional Center, LLC;

- Made defendant herein is **CORRECTIONAL OFFICER CREDIT**, Petitioners are informed and believe, and allege on the basis of that information and belief that the defendant is a resident of and domiciled in the State of Louisiana and who is, and at all times herein mentioned, was employed by defendant LaSalle Management Company, LLC and/or employed by defendant Richwood Correctional Center, LLC.   Further, Petitioners are informed and believe, and allege on the basis of that information and belief that the defendant is being sued in an official capacity and in an individual capacity and at all times hereinafter mentioned was engaged in the course and

5

scope of his employment for defendants, LaSalle Management Company, LLC and/or Richwood Correctional Center, LLC;

- Made defendant herein is **CORRECTIONAL OFFICER PARKER**, Petitioners are informed and believe, and allege on the basis of that information and belief that the defendant is a resident of and domiciled in the State of Louisiana and who is, and at all times herein mentioned, was employed by defendant LaSalle Management Company, LLC and/or employed by defendant Richwood Correctional Center, LLC. Further, Petitioners are informed and believe, and allege on the basis of that information and belief that the defendant is being sued in an official capacity and in an individual capacity and at all times hereinafter mentioned was engaged in the course and scope of his employment for defendants, LaSalle Management Company, LLC and/or Richwood Correctional Center, LLC;

- Made defendant herein is **XYZ Insurance Company**, sued herein under a fictitious name. Its true name and capacity is unknown to the petitioners. When its true name and capacity is ascertained, petitioners will amend this petition by inserting its true name and capacity herein

- Made defendant herein is **ABC Insurance Company**, sued herein under a fictitious name. Its true name and capacity is unknown to the petitioners. When its true name and capacity is ascertained, petitioners will amend this petition by inserting its true name and capacity herein.

2.

Petitioners are informed and believe and thereon allege that at all times herein mentioned defendants, and each of them, were the agents, servants and employees of each other, acting within the course and scope of said agency and employment:

6

CAPT. DOUGLAS, SGT. DUAN ROSENTHAL, SGT. SHAFERS, LT. LAWRENCE, CORRECTIONAL OFFICER CREDIT, CORRECTIONAL OFFICER PARKER,

## VENUE

3.

Petitioners allege that the incarceration that gave rise to the allegations set forth herein was in effect on or about October 30, 2016 and the subject of said employment relationship was performed in Ouachita Parish and this Court has venue over this matter because the wrongful conduct that is the subject of this petition occurred in Ouachita Parish.

## SUBJECT MATTER JURISDICTION

4.

This Court has general original jurisdiction over this matter. **See Frank L. Maraist and Harry T. Lemon,** *Louisiana Civil Law Treatise, Volume 1: Civil Procedure, §2.2 Jurisdiction Over the Subject Matter* **(1999)**.

5.

On or about October 30, 2016 at approximately 6:30 a.m., Capt. Douglas entered Unit I and pulled several inmates out of the dormitory. The inmates were Adley Campbell (#613124), Jareth Vinet (#605966), Sidney Stephens (#604949), Jimmy Klobas (#489472) and Darin Whittington (#571675). The plaintiffs were all lined up along the wall rite outside Unit I on A Hall. Sgt. Duan Rosenthal, Sgt. Shafers, Lt. Lawrence, Correction Officer Credit and Correction Officer Parker were all standing there waiting for the plaintiffs.

6.

7

Capt. Douglas gave the order to strip search all of the plaintiffs. After finding similar tattoos on Adley Campbell and Jareth Vinet, Capt. Douglas ordered all of the plaintiffs to step into the Lt. Office across the hall to finish being strip searched. While the plaintiffs were in the Lt. Office, Capt. Douglas asked Adley Campbell what the star on his shoulder meant. Campbell responded by saying that it was the Star of David. Capt. Douglas, Lt. Lawrence and Correctional Officer Parker were in the office during this questioning.

7.

Capt. Douglas ordered Campbell to strip. Lt. Lawrence strip searched Vinet. Capt. Douglas directed Campbell during Douglas' strip search of Campbell. Douglas made Campbell open his mouth, spread his arms, and lift his testicles. When Campbell went down to squat and cough, Douglas told him not to squat and cough in the manner in which he was doing it. Douglas told Campbell to bend over at his waist and spread his butt cheeks. Campbell protested. Douglas threatened Campbell by saying that he would spray Campbell in the ass with mace. Douglas then ordered Campbell to bend over and spread his butt cheeks. Campbell complied. However, Douglas told Campbell to bend over again and spread his butt cheeks because Douglas wanted to see the pink in the stink. Douglas told Campbell to "make it wink at him".

8.

Lt. Lawrence and Correctional Officer Parker were strip searching plaintiff Vinet. Lawrence and Parker asked Vinet what the tattoos meant.

9.

After being strip searched, Campbell and Vinet were allowed to put their

clothes back on.   Then, Campbell and Vinet were made to get down on their knees. Campbell began to protest at doing this.   At that point, Sgt. Rosenthal escorted Darrin Whittington into the Lt. Office.   Sgt. Rosenthal said we got another here with the stars on him.   As Whittington was being placed on his knees, Capt. Douglas told Campbell to close his eyes because Campbell did not want to see the punch coming. Sgt. Rosenthal and Capt. Douglas were still asking the plaintiffs what the tatoos meant.   Campbell replied again that it was the Star of David.   Sgt. Rosenthal grabbed Campbell by the back of Campbell's neck and placed a can of mace up to Campbell's nose and threatened to spray the mace up Campbell's nose if Whittington did not say what the tattoos meant.   Whittington stated that the tattoo is the Seal of Solomon.

10.

Capt. Douglas, Sgt. Rosenthal and Lt. Lawrence placed Campbell, Vinet and Whittington in mechanical restraints with their arms behind their backs.   Sgt. Rosenthal then escorted Campbell, Vinet and Whittington down A Hall and crossed into B Hall pass the Captain's Office and entered the four-way interlock Rosenthal called the "White House".   Upon entering the "White House" Campbell, Vinet and Whittington were made to get down on their knees in the corners of the room.   Sgt. Rosenthal took Vinet into booking and closed the door.   Approximately five minutes passed.   Vinet came back into the "White House".   Sgt. Rosenthal then told Campbell to come into booking.   Sgt. Rosenthal tried to get Campbell to tell him about a cell phone by threatening Campbell with a can of mace.   Rosenthal held the can of mace directly in front of Campbell's eyeballs.   Sgt. Rosenthal told Campbell that he had good information that one of the plaintiffs had a cell phone. Campbell told Sgt. Rosenthal that he did not know anything about a phone.   At that

point, Sgt. Rosenthal sent Campbell back into the "White House" and made Campbell get into the corner close to the door leading to the work release building. Then, Capt. Douglas and Lt. Lawrence came into the "White House" with Sidney Stephens and Jimmy Klobas.

11.

At this time, Capt. Douglas, Lt. Lawrence, Sgt. Rosenthal, Sgt. Shafers, Correctional Officer Credit and Correctional Officer Parker were all in the "White House". Also, at this time, Campbell, Jareth Vinet, Sidney Stephens, Jimmy Klobas and Darin Whittington were all in the "White House". Campbell, Vinet, Stephens, Klobas and Whittington were all in mechanical restraints with their hands behind their backs. Capt. Douglas asked Stephens if he remembered what Capt. Douglas was going to do to him if he saw Stephens again. Then, Capt. Douglas told Stephens to open his eyes. Capt. Douglas sprayed mace into Stephens' eyes while Stephens was kneeling down. During the spraying of mace into his eyes, Stephens still had the mechanical restraint on with his arms behind his back.

12.

Capt. Douglas told the other correctional officers present to take a turn spraying the other plaintiffs present in the "White House" with mace. Sgt. Rosenthal then passed the can of mace to Correctional Officer Credit. Correctional Officer Credit held the can of mace in front of Campbell and sprayed mace into Campbell's eyes. Campbell was on his knees.

13.

Jareth Vinet had mace sprayed into his eyes as well.

14.

10

All of the plaintiffs had mace sprayed into their eyes.

15.

Sgt. Rosenthal said "oh yeah, we got a gang of our own.   It's called C.O.S. 'Code of Silence"

16.

Afterwards, the plaintiffs were called in to the nurse to get their eyes flushed out.

## CAUSE OF ACTION
## NEGLIGENCE,
## IN VIOLATION OF LA. C.C. ART. 2315 AND LA. C.C. ART. 2320

17.

Petitioners re-allege and incorporate the allegations of Paragraphs 1 through 16 of this petition, as though fully set forth herein.

18.

**La. C.C. art. 2315** states that "every act whatsoever of man that causes damage to another obliges him by whose fault it happened to repair it".

19.

The Defendants', **CAPT. DOUGLAS**, **SGT. DUAN ROSENTHAL**, **SGT. SHAFERS**, **LT. LAWRENCE**, **CORRECTIONAL OFFICER CREDIT**, **CORRECTIONAL OFFICER PARKER**, acts of fault, gross and wanton negligence, and lack of skill were the proximate and/or legal cause of the plaintiff's right to privacy being violated.

20.

The Defendants' actions and conduct constitute a cause in fact of the Plaintiff's mental suffering, embarrassment and humiliation.

11

21.

The Defendants owed a duty to the plaintiffs. The duty is not to violate a person's constitutional rights: including the rights to be free from the intentional use of unreasonable force; to be free from unreasonable searches and seizures.

22.

The Defendants breached that duty and invade the plaintiffs' rights to be free from the intentional use of unreasonable force; to be free from unreasonable searches and seizures, and interfered with the plaintiffs' privacy interests with this breach.

23.

As a result of the occurrence sued upon, plaintiffs allege that they sustained the following severe injuries:

- Violation of their rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution
- Violation of their rights under Article I of the Louisiana Constitution
- Physical injury
- Pain and suffering
- Mental suffering
- Embarrassment
- Humiliation
- Such other acts and omissions as will be shown at the trial, all of which were in contravention of the exercise of due care, prudence, and the laws of the State of Louisiana, which are specially pleaded herein as if and as though, copied extensor

24.

The physical and psychological consequences of the Defendants' actions continue to date, and upon information and belief, will continue into the future.

25.

**LaSalle Management Company, LLC** is a domestic limited liability company licensed to do business in the State of Louisiana and the employer of all individual

12

officers named as defendants in this action.

26.

**Richwood Correctional Center, LLC** is a domestic limited liability company licensed to do business in the State of Louisiana and the employer of all individual officers named as defendants in this action.

27.

The actions of all individual defendants were performed within the scope of their employment and authority, for whose acts the defendants, **Ray Hansen**, **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC**, are liable under the doctrine of respondeat superior. "Masters and employers are answerable for the damage occasioned by their servants." **La. C.C. art. 2320**. The individual defendants were all employed by **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC** at all time during the course of the actions and the individual defendants were performing their official duties.

28.

The actions of the individual defendants violated the plaintiffs' rights and they sustained the following injuries:

- Violation of their rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution
- Violation of their rights under Article I of the Louisiana Constitution
- Physical injury
- Pain and suffering
- Mental suffering
- Embarrassment
- Humiliation

Such other acts and omissions as will be shown at the trial, all of which were in contravention of the exercise of due care, prudence, and the laws of the State of Louisiana, which are specially pleaded herein as if and as though, copied extensor the

13

Fourth, Fifth and Fourteenth Amendments of the Constitution and the plaintiffs' rights under **La. C.C. art. 2315**, and were the direct and proximate cause of the physical and psychological injuries they suffered.

29.

The actions of all defendants were intentional, malicious and in bad faith, thus giving rise to punitive damages as to all defendants.

## SECOND CAUSE OF ACTION
## UNREASONABLE SEARCH AND SEAIZURE,
## IN VIOLATION OF LA. C.C. ART. 2315; ART. I, § 5 OF THE LOUISIANA CONSTITUTION AND LA. C.C. ART. 2320

30.

Petitioners re-allege and incorporate the allegations of Paragraphs 1 through 29 of this petition, as though fully set forth herein.

31.

**La. C.C. art. 2315** states that "every act whatsoever of man that causes damage to another obliges him by whose fault it happened to repair it".

32.

The Defendants', **CAPT. DOUGLAS**, **SGT. DUAN ROSENTHAL**, **SGT. SHAFERS**, **LT. LAWRENCE**, **CORRECTIONAL OFFICER CREDIT**, **CORRECTIONAL OFFICER PARKER**, actions and conduct constitute a cause in fact of the Plaintiff's mental suffering, embarrassment and humiliation.

33.

The Defendants owed a duty to the plaintiffs. The duty is not to violate a person's constitutional rights: including the rights to be free from the intentional use of unreasonable force; to be free from unreasonable searches and seizures.

34.

The Defendants breached that duty and invaded the plaintiffs' rights to be free

14

from the intentional use of unreasonable force; to be free from unreasonable searches and seizures, and interfered with the plaintiffs' privacy interests with this breach.

35.

As a result of the occurrence sued upon, plaintiffs allege that they sustained the following severe injuries:

- Violation of their rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution
- Violation of their rights under Article I of the Louisiana Constitution
- Physical injury
- Pain and suffering
- Mental suffering
- Embarrassment
- Humiliation
- Such other acts and omissions as will be shown at the trial, all of which were in contravention of the exercise of due care, prudence, and the laws of the State of Louisiana, which are specially pleaded herein as if and as though, copied extensor

36.

The physical and psychological consequences of the Defendant's actions continue to date, and upon information and belief, will continue into the future.

37.

**LaSalle Management Company, LLC** is a domestic limited liability company licensed to do business in the State of Louisiana and the employer of all individual officers named as defendants in this action.

38.

**Richwood Correctional Center, LLC** is a domestic limited liability company licensed to do business in the State of Louisiana and the employer of all individual officers named as defendants in this action.

39.

15

The actions of all individual defendants were performed within the scope of their employment and authority, for whose acts the defendants, **Ray Hansen**, **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC**, are liable under the doctrine of respondeat superior. "Masters and employers are answerable for the damage occasioned by their servants." **La. C.C. art. 2320**. The individual defendants were all employed by **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC** at all time during the course of the actions and the individual defendants were performing their official duties.

40.

The actions of the individual defendants violated the plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution and under **La. C.C. art. 2315**, and were the direct and proximate cause of the physical and psychological injuries they suffered.

41.

The actions of all defendants were intentional, malicious and in bad faith, thus giving rise to punitive damages as to all defendants.

### THIRD CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, IN VIOLATION OF LA. C.C. ART. 2315

42.

Petitioners re-allege and incorporate the allegations of Paragraphs 1 through 41 of this petition, as though fully set forth herein.

43.

**La. C.C. art. 2315** states that "every act whatsoever of man that causes damage to another obliges him by whose fault it happened to repair it".

44.

16

The Defendants', **CAPT. DOUGLAS**, **SGT. DUAN ROSENTHAL**, **SGT. SHAFERS**, **LT. LAWRENCE**, **CORRECTIONAL OFFICER CREDIT**, **CORRECTIONAL OFFICER PARKER**, actions and conduct constitute a cause in fact of the Plaintiff's mental suffering, embarrassment and humiliation.

45.

The Defendants owed a duty to the plaintiffs. The duty is not to violate a person's constitutional rights: including the rights to be free from the intentional use of unreasonable force; to be free from unreasonable searches and seizures.

46.

The Defendants breached that duty and invaded the plaintiffs' rights to be free from the intentional use of unreasonable force; to be free from unreasonable searches and seizures and interfered with the plaintiffs' privacy interests with this breach.

47.

As a result of the occurrence sued upon, plaintiffs allege that they sustained the following severe injuries:

- Violation of their rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution
- Violation of their rights under Article I of the Louisiana Constitution
- Physical injury
- Pain and suffering
- Mental suffering
- Embarrassment
- Humiliation
- Such other acts and omissions as will be shown at the trial, all of which were in contravention of the exercise of due care, prudence, and the laws of the State of Louisiana, which are specially pleaded herein as if and as though, copied extensor

48.

The physical and psychological consequences of the Defendants' actions

17

continue to date, and upon information and belief, will continue into the future.

49.

**LaSalle Management Company, LLC** is a domestic limited liability company licensed to do business in the State of Louisiana and the employer of all individual officers named as defendants in this action.

50.

**Richwood Correctional Center, LLC** is a domestic limited liability company licensed to do business in the State of Louisiana and the employer of all individual officers named as defendants in this action.

51.

The actions of all individual defendants were performed within the scope of their employment and authority, for whose acts the defendants, **Ray Hansen**, **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC**, are liable under the doctrine of respondeat superior. "Masters and employers are answerable for the damage occasioned by their servants." **La. C.C. art. 2320**. The individual defendants were all employed by **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC** at all time during the course of the actions and the individual defendants were performing their official duties.

52.

The actions of the individual defendants violated the plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution and **La. C.C. art. 2315**, and were the direct and proximate cause of the physical and psychological injuries they suffered.

53.

The actions of all defendants were intentional, malicious and in bad faith, thus

18

giving rise to punitive damages as to all defendants.

## FOURTH CAUSE OF ACTION
## UNREASONABLE AND EXCESSIVE FORCE,
## IN VIOLATION OF 42 U.S.C. § 1983

54.

Petitioners re-allege and incorporate the allegations of Paragraphs 1 through 53 of this petition, as though fully set forth herein.

55.

"Every person who, under the color of any statute, ordinance, regulation, custom or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…". 42 U.S.C. § 1983.

56.

The fourth amendment protects the right of the people to be secure in their persons…against unreasonable…seizures. U.S. Const. amend IV.

57.

The Defendants', CAPT. DOUGLAS, SGT. DUAN ROSENTHAL, SGT. SHAFERS, LT. LAWRENCE, CORRECTIONAL OFFICER CREDIT, CORRECTIONAL OFFICER PARKER, use of force amounted to an unreasonable seizure in violation of the fourth amendment.  The defendants' actions were not objectively reasonable in light of the facts and circumstances.

58.

The Defendants' actions and conduct constitute a cause in fact of the Plaintiff's mental suffering, embarrassment and humiliation.

19

59.

The Defendants owed a duty to the plaintiffs. The duty is not to violate a person's constitutional rights: including the rights to be free from the intentional use of unreasonable force; to be free from unreasonable searches and seizures.

60.

The Defendants breached that duty and invaded the plaintiffs' rights to be free from the intentional use of unreasonable force; to be free from unreasonable searches and seizures and interfered with the plaintiff's privacy interest with this breach.

61.

As a result of the occurrence sued upon, plaintiffs allege that they sustained the following severe injuries:

- Violation of their rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution
- Violation of their rights under Article I of the Louisiana Constitution
- Physical injury
- Pain and suffering
- Mental suffering
- Embarrassment
- Humiliation
- Such other acts and omissions as will be shown at the trial, all of which were in contravention of the exercise of due care, prudence, and the laws of the State of Louisiana, which are specially pleaded herein as if and as though, copied extensor

62.

The physical and psychological consequences of the Defendant's actions continue to date, and upon information and belief, will continue into the future.

63.

**LaSalle Management Company, LLC** is a domestic limited liability company licensed to do business in the State of Louisiana and the employer of all individual

20

officers named as defendants in this action.

64.

**Richwood Correctional Center, LLC** is a domestic limited liability company licensed to do business in the State of Louisiana and the employer of all individual officers named as defendants in this action.

65.

The actions of all individual defendants were performed within the scope of their employment and authority, for whose acts the defendants, **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC**, are liable under the doctrine of respondeat superior. "Masters and employers are answerable for the damage occasioned by their servants." **La. C.C. art. 2320**. The individual defendants were all employed by **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC** at all time during the course of the actions and the individual defendants were performing their official duties.

66.

The actions of the individual defendants violated the plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution and **42 U.S.C. § 1983**, and were the direct and proximate cause of the physical and psychological injuries they suffered.

67.

The actions of all defendants were intentional, malicious and in bad faith, thus giving rise to punitive damages as to all defendants.

**FIFTH CAUSE OF ACTION**
**CONSPIRACY,**
**IN VIOLATION OF 42 U.S.C. § 1983 AND LA. C.C. ART. 2320**

68.

21

Petitioners re-allege and incorporate the allegations of Paragraphs 1 through 67 of this petition, as though fully set forth herein.

69.

"Every person who, under the color of any statute, ordinance, regulation, custom or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…". **42 U.S.C. § 1983**.

70.

Defendants, **CAPT. DOUGLAS**, **SGT. DUAN ROSENTHAL**, **SGT. SHAFERS**, **LT. LAWRENCE**, **CORRECTIONAL OFFICER CREDIT**, **CORRECTIONAL OFFICER PARKER**, under color of law, conspired with one another to deprive the plaintiffs' of their constitutional rights, including the rights:   to be from the intentional use of unreasonable force; to be free from unreasonable searches and seizures; to associate and speak freely.

71.

It was part of the conspiracy that the defendants did, among other acts, physically assault the plaintiffs while they were mechanically restrained with their hands behind their backs, on their knees, and incarcerated in prison.

72.

In furtherance of the conspiracy and to conceal the misconduct of the defendants, the defendants engaged in a cover-up.

73.

**LaSalle Management Company, LLC**, through its agents, was a willful

participant in joint action with the individual defendants' actions acting under color of law.

74.

**Richwood Correctional Center, LLC**, through its agents, was a willful participant in joint action with the individual defendants' actions acting under color of law.

75.

As a result of the occurrence sued upon, plaintiffs allege that they sustained the following severe injuries:

- Violation of their rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution
- Violation of their rights under Article I of the Louisiana Constitution
- Physical injury
- Pain and suffering
- Mental suffering
- Embarrassment
- Humiliation
- Such other acts and omissions as will be shown at the trial, all of which were in contravention of the exercise of due care, prudence, and the laws of the State of Louisiana, which are specially pleaded herein as if and as though, copied extensor

76.

The physical and psychological consequences of the Defendants' actions continue to date, and upon information and belief, will continue into the future.

77.

**LaSalle Management Company, LLC** is a domestic limited liability company licensed to do business in the State of Louisiana and the employer of all individual officers named as defendants in this action.

78.

23

**Richwood Correctional Center, LLC** is a domestic limited liability company licensed to do business in the State of Louisiana and the employer of all individual officers named as defendants in this action.

79.

The actions of all individual defendants were performed within the scope of their employment and authority, for whose acts the defendants, **Ray Hansen**, **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC**, are liable under the doctrine of respondeat superior. "Masters and employers are answerable for the damage occasioned by their servants." **La. C.C. art. 2320**. The individual defendants were all employed by **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC** at all time during the course of the actions and the individual defendants were performing their official duties.

80.

The actions of the individual defendants violated the plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution and were the direct and proximate cause of the physical and psychological injuries they suffered.

81.

The actions of all defendants were intentional, malicious and in bad faith, thus giving rise to punitive damages as to all defendants.

## SIXTH CAUSE OF ACTION
## CONSPIRACY WITH RACIAL ANIMUS,
## IN VIOLATION OF 42 U.S.C. § 1985(3) AND LA. C.C. ART. 2320

82.

Petitioners re-allege and incorporate the allegations of Paragraphs 1 through 81 of this petition, as though fully set forth herein.

83.

24

"Every person who, under the color of any statute, ordinance, regulation, custom or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…". **42 U.S.C. § 1983**.

84.

Defendants, **CAPT. DOUGLAS**, **SGT. DUAN ROSENTHAL**, **SGT. SHAFERS**, **LT. LAWRENCE**, **CORRECTIONAL OFFICER CREDIT**, **CORRECTIONAL OFFICER PARKER**, under color of law, conspired with each other, to undertake a course of conduct to injure, oppress, threaten and intimidate the plaintiffs' in the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to them by the Constitution.

85.

The conduct of the defendants was motivated by racial animus and by their desire to injure, oppress, threaten, and intimidate the plaintiffs because of their race, White.

86.

It was part of the conspiracy that the defendants did, among other acts, physically assault the plaintiffs while they were mechanically restrained with their hands behind their backs, on their knees, and incarcerated in prison.

87.

In furtherance of the conspiracy and to conceal the misconduct of the defendants, the defendants engaged in a cover-up.

88.

**LaSalle Management Company, LLC**, through its agents, was a willful

25

participant in joint action with the individual defendants' actions acting under color of law.

89.

**Richwood Correctional Center, LLC**, through its agents, was a willful participant in joint action with the individual defendants' actions acting under color of law.

90.

As a result of the occurrence sued upon, plaintiffs allege that they sustained the following severe injuries:

- Violation of their rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution
- Violation of their rights under Article I of the Louisiana Constitution
- Physical injury
- Pain and suffering
- Mental suffering
- Embarrassment
- Humiliation
- Such other acts and omissions as will be shown at the trial, all of which were in contravention of the exercise of due care, prudence, and the laws of the State of Louisiana, which are specially pleaded herein as if and as though, copied extensor

91.

The physical and psychological consequences of the Defendants' actions continue to date, and upon information and belief, will continue into the future.

92.

**LaSalle Management Company, LLC** is a domestic limited liability company licensed to do business in the State of Louisiana and the employer of all individual officers named as defendants in this action.

93.

26

**Richwood Correctional Center, LLC** is a domestic limited liability company licensed to do business in the State of Louisiana and the employer of all individual officers named as defendants in this action.

94.

The actions of all individual defendants were performed within the scope of their employment and authority, for whose acts the defendants, **Ray Hansen**, **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC**, are liable under the doctrine of respondeat superior. "Masters and employers are answerable for the damage occasioned by their servants." **La. C.C. art. 2320**. The individual defendants were all employed by **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC** at all time during the course of the actions and the individual defendants were performing their official duties.

95.

The actions of the individual defendants violated the plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution and were the direct and proximate cause of the physical and psychological injuries they suffered.

96.

The actions of all defendants were intentional, malicious and in bad faith, thus giving rise to punitive damages as to all defendants.

## SEVENTH CAUSE OF ACTION
## SUPERVISORY LIABILITY,
## IN VIOLATION OF 42 U.S.C. § 1983

97.

Petitioners re-allege and incorporate the allegations of Paragraphs 1 through 96 of this petition, as though fully set forth herein.

98.

27

The defendants, **Ray Hansen**, **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC**, were responsible for the training, instruction, supervision and discipline of the individual defendants who brutalized the plaintiffs.

99.

It is believed that these defendants, **Ray Hansen**, **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC**, received complaints about the conduct of the individual defendants, **CAPT. DOUGLAS**, **SGT. DUAN ROSENTHAL**, **SGT. SHAFERS**, **LT. LAWRENCE**, **CORRECTIONAL OFFICER CREDIT**, **CORRECTIONAL OFFICER PARKER**, knew about past complaints, aberrant behavior and disciplinary infractions, or, in the exercise of due diligence, would have perceived that these individual defendants had conduct and disciplinary problems that posed a pervasive and unreasonable risk to the plaintiffs.

100.

These defendants, **Ray Hansen**, **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC**, knew, or in the exercise of due diligence would have known that the conduct of the individual defendants, **CAPT. DOUGLAS**, **SGT. DUAN ROSENTHAL**, **SGT. SHAFERS**, **LT. LAWRENCE**, **CORRECTIONAL OFFICER CREDIT**, **CORRECTIONAL OFFICER PARKER**, against the plaintiffs was likely to occur.

101.

It is believed that these defendants, **Ray Hansen**, **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC**, failed to take preventive and remedial measures to guard against the brutality and cover up committed by the individual defendants, **CAPT. DOUGLAS**, **SGT. DUAN ROSENTHAL**, **SGT. SHAFERS**, **LT. LAWRENCE**, **CORRECTIONAL OFFICER CREDIT**,

28

**CORRECTIONAL OFFICER PARKER**.   Had they, **Ray Hansen**, **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC**, taken appropriate action, the plaintiffs would not have injured.

102.

The failure of the defendant, to supervise and discipline the individual defendants amounted to gross negligence, deliberate indifference and/or intentional misconduct which directly caused the deprivations suffered by the plaintiffs.

## EIGHTH CAUSE OF ACTION
## RESPONDEAT SUPERIOR/NEGLIGENT HIRING, TRAINING, RETENTION AND/OR ENTRUSTMENT, IN VIOLATION OF LA. C.C. ART. 2320 AND LA. C.C. ART. 2315

103.

Petitioners re-allege and incorporate the allegations of Paragraphs 1 through 102 of this petition, as though fully set forth herein.

104.

At all relevant times, all defendant employees of **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC** were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

105.

Consequently, **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC** are liable under the doctrine of respondeat superior for their tortious actions.   **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC** each had a duty in placing correctional officers in contact with prisoners to exercise reasonable care in hiring, training and retaining such employees/correctional officers.

106

29

**LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC** breached their duty. **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC** employed careless, heedless and reckless servants well knowing their unfitness. Further, plaintiffs were injured by the negligence of the employees of **LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC** and each of the defendants, individually, by the defendants' actions as listed within the body of this petition.

107

**LaSalle Management Company, LLC** and **Richwood Correctional Center, LLC** breached their duty.

106.

**XYZ Insurance Company** issued various insurance policies which inure to the benefit of **LaSalle Management Company, LLC** and which provide coverage for the circumstances of liability alleged herein, including a Commercial General Liability policy naming **LaSalle Management Company, LLC** as its insured.

107.

**ABC Insurance Company** issued various insurance policies which inure to the benefit of **Richwood Correctional Center, LLC** and which provide coverage for the circumstances of liability alleged herein, including a Commercial General Liability policy naming **Richwood Correctional Center, LLC** as its insured.

108.

Further, the plaintiffs, **each and all of them**, respectfully request that this Honorable Court fix the fee for all experts testifying at the trial of this matter and tax the same as court cost to defendants.

109.

30

The plaintiffs, **each and all of them**, request a jury trial.

**WHEREFORE,** Plaintiffs, **ADLEY T. CAMPBELL**, **JIMMY KLOBAS**, **JARETH VINET**, **SIDNEY STEPHENS** and **DARIN WHITTINGTON**, **each and all of them**, pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1. Plaintiffs, **and each of them**, pray for judgment in Cause of Action 1, **NEGLIGENCE, IN VIOLATION OF LA. C.C. ART. 2315 AND LA. C.C. ART. 2320**, of their petition against Defendants, in solido, and the defendant insurance companies are obligated to pay in full, up to the limits of their liability, Defendants' liability for all damages as are reasonable in the premises, together with legal interest thereon from judicial demand until finally paid in this cause of action;

2. Plaintiffs, **and each of them**, pray for judgment in Cause of Action 2, **UNREASONABLE SEARCH AND SEAIZURE, IN VIOLATION OF LA. C.C. ART. 2315; ART. I, § 5 OF THE LOUISIANA CONSTITUTION AND LA. C.C. ART. 2320**, of their petition against Defendants, in solido, and the defendant insurance companies are obligated to pay in full, up to the limits of their liability, Defendants' liability for all damages as are reasonable in the premises, together with legal interest thereon from judicial demand until finally paid in this cause of action;

3. Plaintiffs, **and each of them**, pray for judgment in Cause of Action 3, **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, IN VIOLATION OF LA. C.C. ART. 2315 AND LA. C.C. ART. 2320**, of their petition against Defendants, in solido, and the defendant insurance companies are obligated to pay in full, up to the limits of their liability, Defendants' liability

31

for all damages as are reasonable in the premises, together with legal interest thereon from judicial demand until finally paid in this cause of action;

4. Plaintiffs, **and each of them**, pray for judgment in Cause of Action 4, **UNREASONABLE AND EXCESSIVE FORCE, IN VIOLATION OF 42 U.S.C. § 1983; US. CONST. AMEND IV; US. CONST. AMEND V AND LA. C.C. ART. 2320**, of their petition against Defendants, in solido, and the defendant insurance companies are obligated to pay in full, up to the limits of their liability, Defendants' liability for all damages as are reasonable in the premises, together with legal interest thereon from judicial demand until finally paid in this cause of action;

5. Plaintiffs, **and each of them**, pray for judgment in Cause of Action 5, **CONSPIRACY, IN VIOLATION OF 42 U.S.C. § 1983 AND LA. C.C. ART. 2320**, of their petition against Defendants, in solido, and the defendant insurance companies are obligated to pay in full, up to the limits of their liability, Defendants' liability for all damages as are reasonable in the premises, together with legal interest thereon from judicial demand until finally paid in this cause of action;

6. Plaintiffs, **and each of them**, pray for judgment in Cause of Action 6, **CONSPIRACY WITH RACIAL ANIMUS, IN VIOLATION OF 42 U.S.C. § 1985(3) AND LA. C.C. ART. 2320**, of their petition against Defendants, in solido, and the defendant insurance companies are obligated to pay in full, up to the limits of their liability, Defendants' liability for all damages as are reasonable in the premises, together with legal interest thereon from judicial demand until finally paid in this cause of action;

7. Plaintiffs, **and each of them**, pray for judgment in Cause of Action 7,

**SUPERVISORY LIABILITY, IN VIOLATION OF <u>42 U.S.C. § 1983</u>**, of their petition against Defendants, in solido, and the defendant insurance companies are obligated to pay in full, up to the limits of their liability, Defendants' liability for all damages as are reasonable in the premises, together with legal interest thereon from judicial demand until finally paid in this cause of action;

8. Plaintiffs, **and each of them**, pray for judgment in Cause of Action 8, **RESPONDEAT SUPERIOR/NEGLIGENT HIRING, TRAINING, RETENTION AND/OR ENTRUSTMENT, IN VIOLATION OF <u>LA. C.C. ART. 2320</u> AND <u>LA. C.C. ART. 2315</u>**, of their petition against Defendants, in solido, and the defendant insurance companies are obligated to pay in full, up to the limits of their liability, Defendants' liability for all damages as are reasonable in the premises, together with legal interest thereon from judicial demand until finally paid in this cause of action;

9. Plaintiffs, **and each of them**, pray for an award of compensatory damages in an amount to be determined at trial

10. Plaintiffs, **and each of them**, pray for an award of punitive damages in an amount to be determined at trial

11. Plaintiffs, **and each of them**, pray for an award of prejudgment and postjudgment interest

12. Plaintiffs, **and each of them**, pray for all costs of these proceedings, together with attorney's fees,

13. Plaintiffs, **and each of them**, pray for a jury trial and

14. Plaintiffs, **and each of them**, pray for such other and further, legal and equitable relief as the court shall deem necessary and proper under the premise.

33

Respectfully submitted,

_____

Steven A. Hansen(06526)
101 Wood Street
Monroe, LA 71201
318-388-4205
sahansen@comcast ,net
318-324-8806   fax

_____

Keith T. Whiddon(35384)
101 Wood Street
Monroe, LA 71201
318-387-2776
keith@ktwlegal.com
318-387-2767     fax

_____

Kevin H. Johnson(28824)
P.O. Box 4755
Monroe, LA 71211
318-570-5412
Khjlaw97@gmail.com

**PLEASE SERVE:**

**LASALLE MANAGEMENT COMPANY, L.L.C.**
**THROUGH ITS AGENT FOR SERVICE OF PROCESS:**
**WILLIAM K. MCCONNELL**
**192 BASTILLE, SUITE 200**
**RUSTON, LA   71270**

**RICHWOOD CORRECTIONAL CENTER, L.L.C.**
**THROUGH ITS AGENT FOR SERVICE OF PROCESS:**
**WILLIAM K. MCCONNELL**
**192 BASTILLE, SUITE 200**
**RUSTON, LA   71270**

**RAY HANSEN, CAPT. DOUGLAS, SGT. DUAN ROSENTHAL, SGT.**
**SHAFERS, LT. LAWRENCE, CORRECTIONAL OFFICER CREDIT,**
**CORRECTIONAL OFFICER PARKER**
**ALL AT**

34

RICHWOOD CORRECTIONAL CENTER
180 PINE BAYOU CIRCLE
MONROE, LA 71202

## PLEASE HOLD SERVICE:
XYZ INSURANCE COMPANY
ABC INSURANCE COMPANY

35