UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ADLEY T. CAMPBELL, JIMMY
KLOBAS INDIVIDUAL, JARETH
VINET INDIVIDUAL, SIDNEY
STEPHENS INDIVIDUAL, DARIN
WHITTINGTON INDIVIDUAL

CIVIL ACTION NO. 3:17-CV-01454

JUDGE

MAGISTRATE JUDGE

VERSUS

LASALLE MANAGEMENT CO. LLC,
RICHWOOD CORRECTIONAL CENTER LLC,
RAY HANSEN INDIVIDUAL,
CAPT DOUGLAS INDIVIDUAL, SGT
DUAN ROSENTHAL INDIVIDUAL,
SGT SHAFERS INDIVIUAL, LT
LAWRENCE INDIVIDUAL,
CORRECTIONAL OFFICER CREDIT
INDIVIDUALLY, CORRECTIONAL
OFFICER PARKER INDIVIDUALLY,
XYZ INSURANCE COMPANY
INCLUSIVE, ABC INSURANCE
COMPANY INCLUSIVE

## ANSWER TO PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes defendant, RAY HANSON, (misidentified by the plaintiffs as "Ray Hansen") who denies each and every allegation contained in the Plaintiffs' Petition for Damages, except those admitted specifically herein, and without waiving any motions or defenses, replies to the separately numbered paragraphs of the petition as follows:

1.

It is denied for lack of sufficient information to justify a belief therein what petitioners' were informed of and believe as related to LaSalle Management Company. It is admitted that LaSalle Management Company, LLC is a domestic limited liability company licensed to do

business in the State of Louisiana and a domestic limited liability company organized and existing under the laws of the State of Louisiana. The remaining allegations in paragraph 1 related to LaSalle Management Company, LLC are legal conclusions and require no response from this defendant.

It is denied for lack of sufficient information to justify a belief therein what petitioners were informed of and believe as related to Richwood Correctional Center, LLC. It is admitted that Richwood Correctional Center, LLC is a domestic limited liability company licensed to do business in the State of Louisiana and was a domestic limited liability company organized and existing under the laws of the State of Louisiana. The remaining allegations in paragraph 1 related to Richwood Correctional Center, LLC are legal conclusions and require no response from this defendant.

The allegations in paragraph 1 related to Ray Hanson are denied for lack of sufficient information to justify a belief therein except that it is admitted that he is a named defendant who is a resident of and domiciled in the State of Louisiana, and that he is employed by Richwood Correctional Center, LLC and was so employed on October 30, 2016.

The allegations in paragraph 1 related to Captain Douglas are denied for lack of sufficient information to justify a belief therein.

The allegations in paragraph 1 related to Sgt. Duan Rosenthal are denied for lack of sufficient information to justify a belief therein.

The allegations in paragraph 1 related to Sgt. Shafers are denied for lack of sufficient information to justify a belief therein.

The allegations in paragraph 1 related to Lt. Lawrence are denied for lack of sufficient information to justify a belief therein.

The allegations in paragraph 1 related to Correctional Officer Credit are denied for lack of sufficient information to justify a belief therein.

The allegations in paragraph 1 related to Correctional Officer Parker are denied for lack of sufficient information to justify a belief therein.

The allegations in paragraph 1 related to XYZ Insurance Company are denied for lack of sufficient information to justify a belief therein.

The allegations in paragraph 1 related to ABC Insurance Company are denied for lack of sufficient information to justify a belief therein.

2.

The allegations in paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations in paragraph 3 are legal conclusions and require no response from this defendant.

4.

The allegations in paragraph 4 are legal conclusions require no response from this defendant.

5.

The allegations in paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations in paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations in paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations in paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations in paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations in paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations in paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations in paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations in paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations in paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations in paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations in paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

Defendant re-asserts and incorporates his responses to Paragraphs 1 through 16 of this Answer, as though fully set forth herein.

18.

The allegations in paragraph 18 are legal conclusions and require no response from this defendant.

19.

The allegations in paragraph 19 are legal conclusions and require no response from this defendant.

20.

The allegations in paragraph 20 are legal conclusions and require no response form this defendant.

21.

The allegations in paragraph 21 are legal conclusions and require no response from this defendant.

22.

The allegations in paragraph 22 are denied.

23.

The allegations in paragraph 23 are denied for lack of sufficient information to justify a belief therein.

24.

The allegations in paragraph 24 are denied.

25.

The allegations in paragraph 25 are denied.

26.

It is admitted that this defendant is employed by Richwood Correctional Center, LLC which is a domestic limited liability company licensed in the State of Louisiana.   The remaining allegations of paragraph 26 are denied.

27.

The allegations in paragraph 27 are denied.

28.

The allegations in paragraph 28 are denied.

29.

The allegations in paragraph 29 are denied.

30.

Defendant re-asserts and incorporates his responses to Paragraphs 1-29 of this Answer, as though fully set forth herein.

31.

The allegations in paragraph 31 are legal conclusions and require no response from this defendant.

32.

The allegations in paragraph 32 are legal conclusions and require no response from this defendant.

33.

The allegations in paragraph 33 are legal conclusions and require no response from this defendant.

34.

The allegations in paragraph 34 are denied.

35.

The allegations in paragraph 35 are denied for lack of sufficient information to justify a belief therein.

36.

The allegations in paragraph 36 are denied.

37.

The allegations in paragraph 37 are denied.

38.

It is admitted that this defendant is employed by Richwood Correctional Center, LLC which is a domestic limited liability company licensed in the State of Louisiana.   The remaining allegations in paragraph 38 are denied.

39.

The allegations in paragraph 39 are denied.

40.

The allegations in paragraph 40 are denied.

41.

The allegations in paragraph 41 are denied.

42.

Defendant re-asserts and incorporates his responses to Paragraphs 1 through 41 of this Answer, as though fully set forth herein.

43.

The allegations in paragraph 43 are legal conclusions and require no response from this defendant.

44.

The allegations in paragraph 44 are legal conclusions and require no response from this defendant.

45.

The allegations is paragraph 45 are legal conclusions and require no response from this defendant.

46.

The allegations in paragraph 46 are denied.

47.

The allegations in paragraph 47 are denied for lack of sufficient information to justify a belief therein.

48.

The allegations in paragraph 48 are denied.

49.

The allegations in paragraph 49 are denied.

50.

It is admitted that this defendant is employed by Richwood Correctional Center, LLC which is a domestic limited liability company licensed in the State of Louisiana. The remaining allegations in paragraph 50 are denied.

51.

The allegations in paragraph 51 are denied.

52.

The allegations in paragraph 52 are denied.

53.

The allegations in paragraph 53 are denied.

54.

Defendant re-asserts and incorporates his responses to Paragraphs 1 through 53 of this Answer, as though fully set forth herein.

55.

The allegations in paragraph 55 are legal conclusions and require no response from this defendant.

56.

The allegations in paragraph 56 are legal conclusions and require no response from this defendant.

57.

The allegations in paragraph 57 are denied for lack of sufficient information to justify a belief therein.

58.

The allegations in paragraph 58 are denied.

59.

The allegations in paragraph 59 are legal conclusions and require no response from this defendant.

60.

The allegations in paragraph 60 are denied.

61.

The allegations in paragraph 61 are denied for lack of sufficient information to justify a belief therein.

62.

The allegations in paragraph 62 are denied.

63.

The allegations in paragraph 63 are denied.

64.

It is admitted that this defendant is employed by Richwood Correctional Center, LLC which is a domestic limited liability company licensed in the State of Louisiana.  The remaining allegations in paragraph 64 are denied.

65.

The allegations in paragraph 65 are legal conclusions requiring no response from this defendant.

66.

The allegations in paragraph 66 are denied.

67.

The allegations in paragraph 67 are denied.

68.

Defendant re-asserts and incorporates his responses to Paragraphs 2 through 67 in this Answer, as though fully set forth herein.

69.

The allegations in paragraph 69 are legal conclusions and require no response from this defendant.

70.

The allegations in paragraph 70 are denied for lack of sufficient information to justify a belief therein.

71.

The allegations in paragraph 71 are denied.

72.

The allegations in paragraph 72 are denied.

73.

The allegations in paragraph 73 are denied.

74.

The allegations in paragraph 74 are denied.

75.

The allegations in paragraph 75 are denied for lack of sufficient information to justify a belief therein.

76.

The allegations in paragraph 76 are denied.

77.

The allegations in paragraph 77 are denied.

78.

It is admitted that this defendant is employed by Richwood Correctional Center, LLC which is a domestic limited liability company licensed in the State of Louisiana. The remaining allegations in paragraph 78 are denied.

79.

The allegations in paragraph 79 are denied.

80.

The allegations in paragraph 80 are denied.

81.

The allegations in paragraph 81 are denied.

82.

Defendant re-asserts and incorporates his responses to Paragraphs 1 through 81 of this Answer, as though fully set forth herein.

83.

The allegations in paragraph 83 are legal conclusions and require no response from this defendant.

84.

The allegations in paragraph 84 are denied for lack of sufficient information to justify a belief therein.

85.

The allegations in paragraph 85 are denied.

86.

The allegations in paragraph 86 are denied.

87.

The allegations in paragraph 87 are denied.

88.

The allegations in paragraph 88 are denied.

89.

The allegations in paragraph 89 are denied.

90.

The allegations in paragraph 90 are denied for lack of sufficient information to justify a belief therein.

91.

The allegations in paragraph 91 are denied.

92.

The allegations in paragraph 92 are denied.

93.

It is admitted that this defendant is employed by Richwood Correctional Center, LLC which is a domestic limited liability company licensed in the State of Louisiana. The remaining allegations in paragraph 93 are denied.

94.

The allegations in paragraph 94 are denied.

95.

The allegations in paragraph 95 are denied.

96.

The allegations in paragraph 96 are denied.

97.

Defendant re-asserts and incorporates his responses to Paragraphs 1 through 96 of this Answer, as though fully set forth herein.

98.

The allegations in paragraph 98 are denied as written.

99.

The allegations in paragraph 99 are denied for lack of sufficient information to justify a belief therein.

100.

The allegations in paragraph 100 are denied.

101.

The allegations in paragraph 101 are denied for lack of sufficient information to justify a belief therein.

102.

The allegations in paragraph 102 are denied.

103.

Defendant re-asserts and incorporates his responses to Paragraphs 1 through 102 of this Answer, as though fully set forth herein.

104.

The allegations in paragraph 104 are denied.

105.

The allegations in paragraph 105 are denied.

106.

The allegations in paragraph 106 are denied.

107.

The allegations in paragraph 107 are legal conclusions requiring no response from this defendant.

106(2).

The allegations in paragraph 106(2) (appearing after 107 and numbered incorrectly 106) are denied for lack of sufficient information to justify a belief therein.

107(2).

The allegations in paragraph 107(2) (appearing after the incorrectly number paragraph 106 and after another paragraph labeled 107) are denied for lack of sufficient information to justify a belief therein.

108.

The allegations of paragraph 108 are denied for lack of sufficient information to justify a belief therein.

**AND NOW FURTHER ANSWERING, DEFENDANT AFFIRMATIVELY PLEADS AS FOLLOWS:**

109.

Plaintiffs have failed to state a claim of action upon which relief can be granted.

110.

Plaintiffs failed to exhaust the administrative remedies available as required by law so they cannot pursue their alleged claims in court.

111.

Defendant asserts all actions were taken by him were reasonable under the circumstances. He specifically pleads all immunity available to him under federal and state law including but not limited to qualified immunity.

112.

Defendant asserts that all his actions were undertaken in good faith and, that there was no clearly established law prohibiting any conduct engaged in by him.  Therefore, he is entitled to qualified immunity under both federal and state law.

113.

In the event that fault is found against this defendant on the plaintiffs' claims, which fault is specifically denied, then any award to plaintiffs should be reduced in accordance with the principles of comparative fault for the fault of the plaintiffs, or the fault any third parties.

114.

Plaintiffs have failed to mitigate their damages, if any.

115.

Defendant asserts he will be entitled to an award of attorneys' fees and costs as the prevailing party pursuant to 42 U.S.C. §1988.


**WHEREFORE**, the Defendant prays, that this Answer be deemed good and sufficient, and after due proceedings, there be judgment in his favor and against Plaintiffs, dismissing Plaintiffs' petition, with prejudice, and at Plaintiffs' cost, and an award of his attorneys' fees.

**ALTERNATIVELY,** Defendant further prays that in the event damages are awarded, the liability for which is again denied, then said damages should be reduced in accordance with the principles of comparative negligence or fault.

**DEFENDANT,** further pray for all general and equitable relief which may be necessary and appropriate in the premises.

17

**COLVIN, SMITH & MCKAY**
Attorneys for Ray Hanson

/s/ Jennifer P. McKay
Jennifer P. McKay, #26999
900 Market Street, Suite 300
Shreveport, Louisiana 71101
(318) 429-6770
Facsimile: (318) 429-6771

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that the above and foregoing was electronically filed with the Clerk of Court using the CM/ECF System. Notice of this filing was sent to counsel of record by operation of the court's electronic filing system. I also certify that I have mailed via U.S. Postal Service, with adequate postage affixed thereon, this Answer to Petition for Damages to Steven A. Hansen and Keith Whiddon, 101 Wood Street, Monroe, Louisiana 71201 and Kevin Johnson, P.O. Box 4755, Monroe, Louisiana 71211, attorneys for plaintiffs.

Shreveport, Louisiana, this 7th day of November, 2017.

/s/ Jennifer P. McKay
OF COUNSEL