UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ADLEY T. CAMPBELL, JIMMY
KLOBAS INDIVIDUAL, JARETH
VINET INDIVIDUAL, SIDNEY
STEPHENS INDIVIDUAL, DARIN
WHITTINGTON INDIVIDUAL

CIVIL ACTION NO. 3:17-CV-01454

JUDGE ROBERT G. JAMES

MAGISTRATE JUDGE KAREN HAYES

VERSUS

LASALLE MANAGEMENT CO. LLC,
RICHWOOD CORRECTIONAL CENTER LLC,
RAY HANSEN INDIVIDUAL,
CAPT DOUGLAS INDIVIDUAL, SGT
DUAN ROSENTHAL INDIVIDUAL,
SGT SHAFERS INDIVIUAL, LT
LAWRENCE INDIVIDUAL,
CORRECTIONAL OFFICER CREDIT
INDIVIDUALLY, CORRECTIONAL
OFFICER PARKER INDIVIDUALLY,
XYZ INSURANCE COMPANY
INCLUSIVE, ABC INSURANCE
COMPANY INCLUSIVE

## ANSWER TO PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes defendants, LASALLE

MANAGEMENT COMPANY. LLC. and RICHWOOD CORRECTIONAL CENTER LLC.,

which deny each and every allegation contained in the Plaintiffs' Petition for Damages, except

those admitted specifically herein, and without waiving any motions or defenses, replies to the

separately numbered paragraphs of the petition as follows:

1.

It is denied for lack of sufficient information to justify a belief therein what petitioners'

were informed of and believe as related to LaSalle Management Company, LLC ("LaSalle"). It

is admitted that LaSalle is a domestic limited liability company licensed to do business in the

State of Louisiana and a domestic limited liability company organized and existing under the laws of the State of Louisiana.  It is denied that it is engaged in the operating, managing and providing correctional services at the facility known as Richwood Correctional Center.  It is admitted that it is a named defendant in this matter but is denied that it has legal liability for plaintiffs' claims.  The remaining allegations in paragraph 1 related to LaSalle are legal conclusions and require no response from these defendants.

It is denied for lack of sufficient information to justify a belief therein what petitioners were informed of and believe as related to Richwood Correctional Center, LLC ("Richwood"). It is admitted that Richwood is a domestic limited liability company licensed to do business in the State of Louisiana and was a domestic limited liability company organized and existing under the laws of the State of Louisiana.  It is admitted that Richwood operates, manages and provides correctional service at the Richwood Correctional Center in Ouachita Parish.  It is admitted that it is a named defendant in this matter but is denied that it has legal liability for plaintiffs' claims. The remaining allegations in paragraph 1 related to Richwood are legal conclusions and require no response from these defendants.

The allegations in paragraph 1 related to Ray Hanson are denied for lack of sufficient information to justify a belief therein except that it is admitted that he is a named defendant who is a resident of and domiciled in the State of Louisiana, and that he is employed by Richwood Correctional Center, LLC and was so employed on October 30, 2016.  The remaining allegations in paragraph 1 related to Hanson are legal conclusions and require no response from these defendants.

The allegations in paragraph 1 related to Captain Douglas are denied for lack of sufficient information to justify a belief therein.

2

The allegations in paragraph 1 related to Sgt. Duan Rosenthal are denied for lack of sufficient information to justify a belief therein.

The allegations in paragraph 1 related to Sgt. Shafers are denied for lack of sufficient information to justify a belief therein.

The allegations in paragraph 1 related to Lt. Lawrence are denied for lack of sufficient information to justify a belief therein.

The allegations in paragraph 1 related to Correctional Officer Credit are denied for lack of sufficient information to justify a belief therein.

The allegations in paragraph 1 related to Correctional Officer Parker are denied for lack of sufficient information to justify a belief therein.

The allegations in paragraph 1 related to XYZ Insurance Company are denied for lack of sufficient information to justify a belief therein.

The allegations in paragraph 1 related to ABC Insurance Company are denied for lack of sufficient information to justify a belief therein.

2.

The allegations in paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations in paragraph 3 are legal conclusions and require no response from these defendants.

4.

The allegations in paragraph 4 are legal conclusions require no response from these defendants.

5.

The allegations in paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations in paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations in paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations in paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations in paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations in paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations in paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations in paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations in paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations in paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations in paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations in paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

Defendants re-assert and incorporate their responses to Paragraphs 1 through 16 of this Answer, as though fully set forth herein.

18.

The allegations in paragraph 18 are legal conclusions and require no response from these defendants.

19.

The allegations in paragraph 19 are legal conclusions and require no response from these defendants.

20.

The allegations in paragraph 20 are legal conclusions and require no response from these defendants.

21.

The allegations in paragraph 21 are legal conclusions and require no response from these defendants.

22.

The allegations in paragraph 22 are denied.

23.

The allegations in paragraph 23 are denied for lack of sufficient information to justify a belief therein.

24.

The allegations in paragraph 24 are denied.

25.

It is admitted that LaSalle is a domestic limited liability company licensed to do business in the State of Louisiana.  The remaining allegations in paragraph 25 are denied.

26.

It is admitted that Richwood is a domestic limited liability company licensed in the State of Louisiana. The remaining allegations of paragraph 26 are denied.

27.

The allegations in paragraph 27 are denied.

28.

The allegations in paragraph 28 are denied.

29.

The allegations in paragraph 29 are denied.

30.

Defendants re-assert and incorporate their responses to Paragraphs 1-29 of this Answer, as though fully set forth herein.

31.

The allegations in paragraph 31 are legal conclusions and require no response from these defendants.

32.

The allegations in paragraph 32 are legal conclusions and require no response from these defendants.

33.

The allegations in paragraph 33 are legal conclusions and require no response from these defendants.

34.

The allegations in paragraph 34 are denied.

35.

The allegations in paragraph 35 are denied for lack of sufficient information to justify a belief therein.

36.

The allegations in paragraph 36 are denied.

37.

It is admitted that LaSalle is a domestic limited liability company licensed to do business in the State of Louisiana.  The remaining allegations of paragraph 37 are denied.

38.

It is admitted Richwood is a domestic limited liability company licensed in the State of Louisiana. The remaining allegations in paragraph 38 are denied.

39.

The allegations in paragraph 39 are denied.

40.

The allegations in paragraph 40 are denied.

41.

The allegations in paragraph 41 are denied.

42.

Defendants re-assert and incorporate their responses to Paragraphs 1 through 41 of this Answer, as though fully set forth herein.

43.

The allegations in paragraph 43 are legal conclusions and require no response from these defendants.

44.

The allegations in paragraph 44 are legal conclusions and require no response from these defendants.

45.

The allegations is paragraph 45 are legal conclusions and require no response from these defendants.

46.

The allegations in paragraph 46 are denied.

47.

The allegations in paragraph 47 are denied for lack of sufficient information to justify a belief therein.

48.

The allegations in paragraph 48 are denied.

49.

It is admitted LaSalle is a domestic limited liability company licensed to do business in the State of Louisiana. The remaining allegations of paragraph 49 are denied.

50.

It is admitted Richwood is a domestic limited liability company licensed in the State of Louisiana. The remaining allegations in paragraph 50 are denied.

51.

The allegations in paragraph 51 are denied.

52.

The allegations in paragraph 52 are denied.

53.

The allegations in paragraph 53 are denied.

54.

Defendants re-assert and incorporate their responses to Paragraphs 1 through 53 of this Answer, as though fully set forth herein.

55.

The allegations in paragraph 55 are legal conclusions and require no response from these defendants.

56.

The allegations in paragraph 56 are legal conclusions and require no response from these defendants.

57.

The allegations in paragraph 57 are denied for lack of sufficient information to justify a belief therein.

58.

The allegations in paragraph 58 are denied.

59.

The allegations in paragraph 59 are legal conclusions and require no response from these defendants.

60.

The allegations in paragraph 60 are denied.

61.

The allegations in paragraph 61 are denied for lack of sufficient information to justify a belief therein.

62.

The allegations in paragraph 62 are denied.

63.

It is admitted LaSalle is a domestic limited liability company licensed to do business in the State of Louisiana.  The remaining allegations in paragraph 63 are denied.

64.

It is admitted Richwood is a domestic limited liability company licensed in the State of Louisiana.  The remaining allegations in paragraph 64 are denied.

65.

The allegations in paragraph 65 are denied.

66.

The allegations in paragraph 66 are denied.

67.

The allegations in paragraph 67 are denied.

68.

Defendants re-assert and incorporate their responses to Paragraphs 1 through 67 in this Answer, as though fully set forth herein.

69.

The allegations in paragraph 69 are legal conclusions and require no response from these defendants.

70.

The allegations in paragraph 70 are denied for lack of sufficient information to justify a belief therein.

71.

The allegations in paragraph 71 are denied.

72.

The allegations in paragraph 72 are denied.

73.

The allegations in paragraph 73 are denied.

74.

The allegations in paragraph 74 are denied.

75.

The allegations in paragraph 75 are denied for lack of sufficient information to justify a belief therein.

76.

The allegations in paragraph 76 are denied.

77.

It is admitted that LaSalle is a domestic limited liability company licensed to do business in the State of Louisiana.  The remaining allegations in paragraph 77 are denied.

78.

It is admitted Richwood is a domestic limited liability company licensed in the State of Louisiana.  The remaining allegations in paragraph 78 are denied.

79.

The allegations in paragraph 79 are denied.

80.

The allegations in paragraph 80 are denied.

12

81.

The allegations in paragraph 81 are denied.

82.

Defendants re-assert and incorporate their responses to Paragraphs 1 through 81 of this Answer, as though fully set forth herein.

83.

The allegations in paragraph 83 are legal conclusions and require no response from these defendants.

84.

The allegations in paragraph 84 are denied for lack of sufficient information to justify a belief therein.

85.

The allegations in paragraph 85 are denied.

86.

The allegations in paragraph 86 are denied.

87.

The allegations in paragraph 87 are denied.

88.

The allegations in paragraph 88 are denied.

89.

The allegations in paragraph 89 are denied.

90.

The allegations in paragraph 90 are denied for lack of sufficient information to justify a belief therein.

91.

The allegations in paragraph 91 are denied.

92.

It is admitted that LaSalle is a domestic limited liability company licensed to do business in the State of Louisiana. The remaining allegations of paragraph 92 are denied.

93.

It is admitted that Richwood is a domestic limited liability company licensed in the State of Louisiana. The remaining allegations in paragraph 93 are denied.

94.

The allegations in paragraph 94 are denied.

95.

The allegations in paragraph 95 are denied.

96.

The allegations in paragraph 96 are denied.

97.

Defendants re-assert and incorporate their responses to Paragraphs 1 through 96 of this Answer, as though fully set forth herein.

98.

The allegations in paragraph 98 are denied.

99.

The allegations in paragraph 99 are denied for lack of sufficient information to justify a belief therein.

100.

The allegations in paragraph 100 are denied.

101.

The allegations in paragraph 101 are denied for lack of sufficient information to justify a belief therein.

102.

The allegations in paragraph 102 are denied.

103.

Defendants re-assert and incorporate their responses to Paragraphs 1 through 102 of this Answer, as though fully set forth herein.

104.

The allegations in paragraph 104 are denied.

105.

The allegations in paragraph 105 are denied.

106.

The allegations in paragraph 106 are denied.

107.

The allegations in paragraph 107 are denied.

106(2).

The allegations in paragraph 106(2) (appearing after 107 and numbered incorrectly 106) are denied for lack of sufficient information to justify a belief therein.

107(2).

The allegations in paragraph 107(2) (appearing after the incorrectly number paragraph 106 and after another paragraph labeled 107) are denied for lack of sufficient information to justify a belief therein.

108.

The allegations of paragraph 108 are denied for lack of sufficient information to justify a belief therein.

**AND NOW FURTHER ANSWERING, DEFENDANT AFFIRMATIVELY PLEADS AS FOLLOWS:**

109.

Plaintiffs have failed to state a claim of action upon which relief can be granted.

110.

Plaintiffs failed to exhaust the administrative remedies available to them as required by law including that which is required by the Prison Litigation Reform Act, 42 U.S.C. Sec. 1997, et. seq, so they cannot pursue their alleged claims in court.

111.

In the event that fault is found against these Defendants on the plaintiffs' claims, which fault is specifically denied, then any award to plaintiffs should be reduced in accordance with the principles of comparative fault for the fault of the plaintiffs, or the fault any third parties.

114.

Plaintiffs have failed to mitigate their damages, if any.

115.

Defendants assert they will be entitled to an award of attorneys' fees and costs as the prevailing party pursuant to 42 U.S.C. §1988.

**WHEREFORE**, the Defendants pray, that this Answer be deemed good and sufficient, and after due proceedings, there be judgment in their favor and against Plaintiffs, dismissing Plaintiffs' petition, with prejudice, and at Plaintiffs' cost, and an award of their attorneys' fees.

**ALTERNATIVELY,** Defendants further pray that in the event damages are awarded, the liability for which is again denied, then said damages should be reduced in accordance with the principles of comparative negligence or fault.

**DEFENDANT,** further pray for all general and equitable relief which may be necessary and appropriate in the premises.

**COLVIN, SMITH & MCKAY**
Attorneys for LaSalle Management Co. LLC,
Richwood Correctional Center, LLC,
and Ray Hanson

/s/ Jennifer P. McKay
Jennifer P. McKay, #26999
900 Market Street, Suite 300
Shreveport, Louisiana 71101
(318) 429-6770
Facsimile: (318) 429-6771

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing was electronically filed with the Clerk of Court using the CM/ECF System. Notice of this filing was sent to counsel of record by operation of the court's electronic filing system. I also certify that I have mailed via U.S. Postal Service, with adequate postage affixed thereon, this Answer to Petition for Damages to Steven A. Hansen and Keith Whiddon, 101 Wood Street, Monroe, Louisiana 71201 and Kevin Johnson, P.O. Box 4755, Monroe, Louisiana 71211, attorneys for plaintiffs.

Shreveport, Louisiana, this 9th day of November, 2017.

/s/ Jennifer P. McKay
OF COUNSEL

18