UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ADLEY T. CAMPBELL, ET AL                    CIVIL ACTION NO. 17-CV-01454

VERSUS                                      JUDGE

LASALLE MANAGEMENT CO., LLC.                MAGISTRATE JUDGE

ANSWER TO PETITION

NOW INTO COURT, through undersigned counsel, comes CHRISTOPHER LORING

(incorrectly identified in the Petition as Lt. Lawrence), who in answer to the Petition of Plaintiffs,

denies all allegations thereof, except such as might be hereinafter specifically admitted, modified

or explained, and who with respect represents the following:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted by the Court.

SECOND DEFENSE

The sole and proximate cause of the incident sued upon resulted from the negligence of

Plaintiffs as evidenced by their actions on the date of the incident complained off.

THIRD DEFENSE

In the alternative, and only in the event that this court should find any negligence on the

part of Defendant, which is strictly denied, Defendant affirmatively alleges the contributory and/or

comparative negligence of Plaintiff(s) in diminution or complete bar to recovery herein.

FOURTH DEFENSE

Despite having adequate and reasonable opportunity to do so, Plaintiffs failed to mitigate

their damages so that any recovery sought herein should be reduced or be precluded entirely.

FIFTH DEFENSE

As an employee of a political subdivision of the State of Louisiana, Defendant is entitled and hereby pleads any statutory limitation of liability, costs and interest contained in LSA-R.S. 13:5106 and LSA-R.S. 13:5112 as well as any other statutory or jurisprudential limitation of liability, costs and interests available to Defendant under the law.

SIXTH DEFENSE

As an employee of a political entity, Defendant is entitled to and hereby pleads the statute of limitation of liability as provided for in LSA-R.S. 9:2798.1.

SEVENTH DEFENSE

The Plaintiff/Plaintiffs failed to see a remedy pursuant to the Department of Corrections Adult Administrative Remedy Procedure, and, thus, are barred from suit and/or recovery.

EIGHTH DEFENSE

In the alternative, Defendant herein specifically pleads fault of third parties whether named or not named as a party or defendant in this action, as a legal cause for any damages that Plaintiff(s) may have sustained as a result of the incident complained of in their lawsuit.

AND NOW ANSWERING the Petition, paragraph by paragraph, Defendant with respect shows:

I.

The statements made in the unnumbered preface of Plaintiffs suggest a legal conclusion and require no answer of Defendant, but in an abundance of precaution the paragraph and sub-paragraphs are denied.

1.

In answer to Paragraph 1, it is admitted that Christopher Loring (incorrectly identified as Lt. Lawrence) was an employee of the Richwood Correctional Center; except as specifically admitted, the allegations of the Paragraph as concerns this Defendant are denied.

2.

The allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph of 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief threin.

18.

The paragraph numbered 18 suggests a legal conclusion, but in an abundance of caution, same is denied.

19.

The allegations of Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of Paragraph 21 suggest a legal conclusion, but in an abundance of caution, the allegations are denied.

22.

The allegations of Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

23.

The allegations of Paragraph 23 and all sub-paragraphs thereof are denied.

24.

The allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27.

The allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations of Paragraph 28 and all sub-paragraphs thereof are denied for lack of sufficient information to justify a belief therein.

29.

The allegations of Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

30.

The allegations of Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

31.

The allegations of Paragraph 31 suggest a legal conclusion, but in an abundance of caution the same are denied.

32.

The allegations of Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.

The allegations of Paragraph 33 suggest a legal conclusion, but in an abundance of caution the allegations of the paragraph are denied for lack of sufficient information to justify a belief there.

34.

The allegations of Paragraph 34 are denied for lack of sufficient information to justify a belief therein.

35.

The allegations of Paragraph 35 and all sub-paragraphs therein are denied for lack of sufficient information to justify a belief therein.

36.

The allegations of Paragraph 36 are denied for lack of sufficient information to justify a belief therein.

37.

The allegations of Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

38.

The allegations of Paragraph 38 are denied for lack of sufficient information to justify a belief therein.

39.

The allegations of Paragraph 39 are denied for lack of sufficient information to justify a belief therein.

40.

The allegations of Paragraph 40 are denied for lack of sufficient information to justify a belief therein.

41.

The allegations of Paragraph 41 are denied for lack of sufficient information to justify a belief therein.

42.

The allegations of Paragraph 42 are denied for lack of sufficient information to justify a belief therein.

43.

The allegations of Paragraph 43 suggest a legal conclusion, but in an abundance of caution the allegations of the paragraph are denied.

44.

The allegations of Paragraph 44 are denied for lack of sufficient information to justify a belief therein.

45.

The allegations of Paragraph 45 suggest a legal conclusion, but in an abundance of caution the allegations are denied.

46.

The allegations of Paragraph 46 are denied for lack of sufficient information to justify a belief therein.

47.

The allegations of Paragraph 47 and all sub-paragraphs thereof are denied for lack of sufficient information to justify a belief therein.

48.

The allegations of Paragraph 48 are denied for lack of sufficient information to justify a belief therein.

49.

The allegations of Paragraph 49 are denied for lack of sufficient information to justify a belief therein.

50.

The allegations of Paragraph 50 are denied for lack of sufficient information to justify a belief therein.

51.

The allegations of Paragraph 51 are denied for lack of sufficient information to justify a belief therein.

52.

The allegations of Paragraph 52 are denied for lack of sufficient information to justify a belief therein.

53.

The allegations of Paragraph 53 are denied for lack of sufficient information to justify a belief therein.

54.

The allegations of Paragraph 54 are denied for lack of sufficient information to justify a belief therein.

55.

The allegations of Paragraph 55 suggest a legal conclusion, but in an abundance of caution the same are denied.

56.

The allegations of Paragraph 56 suggest a legal conclusion, but in an abundance of caution the allegations of the paragraph are denied.

57.

The allegations of Paragraph 57 are denied for lack of sufficient information to justify a belief therein.

58.

The allegations of Paragraph 58 are denied for lack of sufficient information to justify a belief therein.

59.

The allegations of Paragraph 59 suggest a legal conclusion, but in an abundance of caution the allegations of the paragraph are denied.

60.

The allegations of Paragraph 60 are denied for lack of sufficient information to justify a belief therein.

61.

The allegations of Paragraph 61 and all sub-paragraphs thereof are denied for lack of sufficient information to justify a belief therein.

62.

The allegations of Paragraph 62 are denied for lack of sufficient information to justify a belief therein.

63.

The allegations of Paragraph 63 are denied for lack of sufficient information to justify a belief therein.

64.

The allegations of Paragraph 64 are denied for lack of sufficient information to justify a belief therein.

65.

The allegations of Paragraph 65 are denied for lack of sufficient information to justify a belief therein.

66.

The allegations of Paragraph 66 are denied for lack of sufficient information to justify a belief therein.

67.

The allegations of Paragraph 67 are denied for lack of sufficient information to justify a belief therein.

68.

The allegations of Paragraph 68 are denied for lack of sufficient information to justify a belief therein.

69.

The allegations of Paragraph 69 suggest a legal conclusion, but in an abundance of caution the allegations of Paragraph 69 are denied.

70.

The allegations of Paragraph 70 are denied for lack of sufficient information to justify a belief therein.

71.

The allegations of Paragraph 71 are denied for lack of sufficient information to justify a belief therein.

72.

The allegations of Paragraph 72 are denied for lack of sufficient information to justify a belief therein.

73.

The allegations of Paragraph 73 require no answer of this Defendant, but in an abundance of caution the allegations are denied.

74.

The allegations of Paragraph 74 require no answer of this Defendant, but in an abundance of caution same are denied.

75.

The allegations of Paragraph 75 are denied.

76.

The allegations of Paragraph 76 are denied for lack of sufficient information to justify a belief therein.

77.

The allegations of Paragraph 77 require no answer of this Defendant, but in an abundance of caution the same are denied.

78.

The allegations of Paragraph 78 require no answer of this Defendant, but in an abundance of caution the same are denied.

79.

The allegations of Paragraph 79 are denied for lack of sufficient information to justify a belief therein.

80.

The allegations of Paragraph 80 are denied for lack of sufficient information to justify a belief therein.

81.

The allegations of Paragraph 81 are denied for lack of sufficient information to justify a belief therein.

82.

The allegations of Paragraph 82 are denied for lack of sufficient information to justify a belief therein.

83.

The allegations of Paragraph 83 suggest a legal conclusion, but in an abundance of caution the allegations of this paragraph are denied.

84.

The allegations of Paragraph 84 are denied for lack of sufficient information to justify a belief therein.

85.

The allegations of Paragraph 85 are denied for lack of sufficient information to justify a belief therein.

86.

The allegations of Paragraph 86 are denied for lack of sufficient information to justify a belief therein.

87.

The allegations of Paragraph 87 are denied for lack of sufficient information to justify a belief therein.

88.

The allegations of Paragraph 88 require no answer of this Defendant, but in an abundance of caution the allegations of this paragraph are denied.

89.

The allegations of Paragraph 89 require no answer of this Defendant, but in an abundance of caution the allegations of this paragraph are denied.

90.

The allegations of Paragraph 9 and all sub-paragraphs thereof are denied for lack of sufficient information to justify a belief therein.

91.

The allegations of Paragraph 91 are denied for lack of sufficient information to justify a belief therein.

92.

The allegations of Paragraph 92 require no answer of this Defendant, but in an abundance of caution the allegations of this paragraph are denied.

93.

The allegations of Paragraph 93 require no answer of this Defendant, but in an abundance of caution the allegations of this paragraph are denied.

94.

The allegations of Paragraph 94 are denied for lack of sufficient information to justify a belief therein.

95.

The allegations of Paragraph 95 are denied for lack of sufficient information to justify a belief therein.

96.

The allegations of Paragraph 96 are denied for lack of sufficient information to justify a belief therein.

97.

The allegations of Paragraph 97 require no answer of this Defendant, but in an abundance of caution the same are denied.

98.

The allegations of Paragraph 98 require no answer of this Defendant, but in an abundance of caution the same are denied.

99.

The allegations of Paragraph 99 are denied for lack of sufficient information to justify a belief therein.

100.

The allegations of Paragraph 100 are denied for lack of sufficient information to justify a belief therein.

101.

The allegations of Paragraph 101 are denied for lack of sufficient information to justify a belief therein.

102.

The allegations of Paragraph 102 are denied for lack of sufficient information to justify a belief therein.

103.

The allegations of Paragraph 103 are denied for lack of sufficient information to justify a belief therein.

104.

The allegations of Paragraph 104 are denied for lack of sufficient information to justify a belief therein.

105.

The allegations of Paragraph 105 are denied for lack of sufficient information to justify a belief therein.

106.

The allegations of Paragraph 106 are denied for lack of sufficient information to justify a belief therein.

107.

The allegations of Paragraph 107 require no answer of this Defendant, but in an abundance of caution the allegations of the paragraph are denied.

106.

The allegations of Paragraph 106 (misnumbered) require no answer of this Defendant, but in an abundance of caution the allegations of the paragraph are denied.

107.

The allegations of Paragraph 107 (misnumbered) require no answer of this Defendant, but in an abundance of caution the allegations of the paragraph are denied.

108.

The allegations of Paragraph 108 are a prayer for relief, but in an abundance of caution the allegations of the paragraph are denied.

109.

In further answer to the Petition of Plaintiffs, it is shown that the sole and proximate cause of any incident or complaint were the result of the actions of each/all of the Plaintiffs, including, but not limited to their failure to follow verbal commands.

110.

In further answer to the Petition of Plaintiffs, this Defendant pleads that any and all injuries Plaintiffs each/all were caused and contributed to by the actions, fault and/or negligence of the same.  These actions, negligence and/or fault are superceding and/or intervening causes should reduce their recovery by that percentage of fault and/or negligence shown at the trial on the merits of this matter.

111.

Defendant shows that the Plaintiffs in this matter, individually, or as a group were the aggressor in any incident complained of, and thus assumed the risk of their actions and/or were

the sole cause, or, in the alternative, a contributing cause to any injury claimed, thus barring said recovery or reducing it by their individual percentage of fault.

112.

This Defendant shows that any force used was reasonable and necessary under the circumstances.

113.

In the alternative, Defendant shows that any force used was not used in a malicious attempt to inflict pain or injury, but rather, only used in response to the actions of Plaintiff and/or Plaintiffs, and thus does not rise to a level of a violation of any civil rights.

114.

Defendant avers that all claims made against 42 USC § 1983 and/or 1988 will be determined to be unfounded and not adequately supported by the facts or law, and, accordingly, Defendant is entitled to all costs of suit, including reasonable attorney's fees.

115.

In the alternative, it is shown that Defendant's actions were reasonable under the circumstances, were not taken with the knowledge that the actions were unconstitutional, thus Defendant is entitled to good faith immunity and/or defense.

116.

Defendant shows that he is entitled to qualified immunity.

WHEREFORE DEFENDANT, CHRISTOPHER LORING (incorrectly identified at Lt. Lawrence) PRAYS that:

1.     This answer be deemed good and sufficient;

2.      After due proceedings had, there be judgment herein dismissing Plaintiffs' suit at

their costs;

3.      For all costs herein, including reasonable attorney's fees.

4.      In the alternative, and only in the event that judgment is rendered herein against

Defendant, then, and in that event, any and all recovery be reduced by that

percentage of fault of any Plaintiff; and

5.      For all other just, general and equitable relief.

Respectfully submitted,

LAVALLE B. SALOMON, APLC
700 North 2nd Street
P. O. Box 14596
Monroe, Louisiana 71207
Telephone: (318) 387-1222
Facsimile: (318) 387-1273
ATTORNEY FOR DEFENDANT


BY:      //Lavalle B. Salomon//
            Lavalle B. Salomon - #8599


CERTIFICATE


I certify that an exact copy of the above and foregoing Answer to Petition is hereby forwarded via PACER to all counsel of record herein.

Signed this 26th day of July, 2018, at Monroe, Louisiana.


            //Lavalle B. Salomon//
            Lavalle B. Salomon