**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **ADLEY T. CAMPBELL, INDIVIDUALLY,** | **CIVIL ACTION NO. 3:17-CV-01454** |
| **JIMMY KLOBAS, INDIVIDUALLY,** | |
| **JARETH VINET, INDIVIDUALLY,** | **JUDGE TERRY DOUGHTY** |
| **SIDNEY STEPHENS, INDIVIDUALLY,** | |
| **DARIN WHITTINGTON, INDIVIDUALLY** | **MAG. JUDGE KAREN HAYES** |

**VERSUS**

**LASALLE MANAGEMENT COMPANY, LLC,**
**RICHWOOD CORRECTIONAL CENTER LLC,**
**RAY HANSEN, INDIVIDUALLY,**
**CAPT DOUGLAS, INDIVIDUALLY,**
**SGT. DUAN ROSENTHAL, INDIVIDUALLY,**
**SGT. SHAFERS, INDIVIDUALLY,**
**LT. LAWRENCE INDIVIDUALLY,**
**CORRECTIONAL OFFICER CREDIT,**
**INDIVIDUALLY, CORRECTIONAL**
**OFFICER PARKER, INDIVIDUALLY,**
**XYZ INSURANCE COMPANY,**
**INCLUSIVE, ABC INSURANCE**
**COMPANY, INCLUSIVE**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT**
**THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY**

NOW INTO COURT, through undersigned counsel, comes Defendant, The Princeton Excess and Surplus Lines Insurance Company ("Princeton"), and in Answer to the Petition for Damages ("Complaint"), as amended by the Amended Complaint for Damages ("Amended Complaint"), filed by Plaintiffs Adley T. Campbell, Jimmy Klobas, Jareth Vinet, Sidney Stephens, and Darin Whittington (collectively "Plaintiffs"), represent as follows:

**FIRST DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Princeton denies each and every allegation of Plaintiffs' Complaint and Amended Complaint except those specifically admitted or modified below. In further answer to Plaintiffs' Complaint, as amended by the Amended Complaint, Princeton avers:

In response to the introductory paragraphs, Princeton denies the allegations relating to Plaintiffs' domicile for lack of sufficient information to justify a belief therein. Further, Princeton denies the paragraph setting forth Plaintiffs' alleged causes of action and further denies that Plaintiffs are entitled to any recovery against it.

1.

To the extent the allegations of paragraph 1 of the Complaint, as amended by the Amended Complaint, pertain to Princeton, Princeton admits that it is made a defendant herein, that it is a Delaware corporation with its principal place of business in New Jersey, and that it is a surplus lines insurer doing business in Louisiana on a non-admitted basis. Princeton further admits that it issued a Retained Limit Policy, Policy no. N1-A3-RL-0000073-05, to LaSalle Management Company, LLC with effective dates of June 30, 2016 to June 30, 2017. The Policy is in writing and is the best evidence of its terms, conditions, provisions, exclusions, and limitations, which are expressly pled as if copied herein *in extenso*. Any allegations of fact or law in paragraph 1 or any other paragraph of the Complaint or Amended Complaint which purport to modify, extend, alter, or otherwise vary the terms, conditions, provisions, exclusions, and limitations of the Policy are expressly denied. Any other allegations against Princeton are denied. The allegations against the other defendants are denied for lack of sufficient information to justify a belief therein.

2.

To the extent the allegations of paragraph 2 of the Complaint, as amended by the Amended Complaint, are directed at Princeton, those allegations are denied. All remaining allegations are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of paragraph 3 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of paragraph 4 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

Princeton re-avers and incorporates its responses in paragraphs 1 through 16 as if stated herein *in extenso*.

18.

The allegations of paragraph 18 constitute a legal conclusion to which no response is required. However, if a response is required, the allegations are denied.

19.

The allegations of paragraph 19 are denied.

20.

The allegations of paragraph 20 are denied.

21.

The allegations of paragraph 21 are denied.

22.

The allegations of paragraph 22 are denied.

23.

The allegations of paragraph 23 are denied.

24.

The allegations of paragraph 24 are denied.

25.

The allegations of paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27.

The allegations of paragraph 27 are denied.

28.

The allegations of paragraph 28 are denied.

29.

The allegations of paragraph 29 are denied.

30.

Princeton re-avers and incorporates its responses in paragraphs 1 through 29 as if stated herein *in extenso*.

31.

The allegations of paragraph 31 constitute a legal conclusion to which no response is required. However, if a response is required, the allegations are denied.

32.

The allegations of paragraph 32 are denied.

33.

The allegations of paragraph 33 constitute a legal conclusion to which no response is required. However, if a response is required, the allegations are denied.

34.

The allegations of paragraph 34 are denied.

35.

The allegations of paragraph 35 are denied.

36.

The allegations of paragraph 36 are denied.

37.

The allegations of paragraph 37 are denied for lack of sufficient information to justify a belief therein.

38.

The allegations of paragraph 38 are denied for lack of sufficient information to justify a belief therein.

39.

The allegations of paragraph 39 are denied.

40.

The allegations of paragraph 40 are denied.

41.

The allegations of paragraph 41 are denied.

42.

Princeton re-avers and incorporates its responses in paragraphs 1-41 as if stated herein *in extenso*.

43.

The allegations of paragraph 43 constitute a legal conclusion to which no response is required.  However, if a response is required, the allegations are denied.

44.

The allegations of paragraph 44 are denied.

45.

The allegations of paragraph 45 constitute a legal conclusion to which no response is required. However, if a response is required, the allegations are denied.

46.

The allegations of paragraph 46 are denied.

47.

The allegations of paragraph 47 are denied.

48.

The allegations of paragraph 48 are denied.

49.

The allegations of paragraph 49 are denied for lack of sufficient information to justify a belief therein.

50.

The allegations of paragraph 50 are denied for lack of sufficient information to justify a belief therein.

51.

The allegations of paragraph 51 are denied.

52.

The allegations of paragraph 52 are denied.

53.

The allegations of paragraph 53 are denied.

54.

Princeton re-avers and incorporates its responses in paragraphs 1 through 53 as if stated herein *in extenso*.

55.

The allegations of paragraph 55 constitute a legal conclusion to which no response is required.  However, if a response is required, the allegations are denied.

56.

The allegations of paragraph 56 constitute a legal conclusion to which no response is required.  However, if a response is required, the allegations are denied.

57.

The allegations of paragraph 57 are denied.

58.

The allegations of paragraph 58 are denied.

59.

The allegations of paragraph 59 constitute a legal conclusion to which no response is required.  However, if a response is required, the allegations are denied.

60.

The allegations of paragraph 60 are denied.

61.

The allegations of paragraph 61 are denied.

62.

The allegations of paragraph 62 are denied.

63.

The allegations of paragraph 63 are denied for lack of sufficient information to justify a belief therein.

64.

The allegations of paragraph 64 are denied for lack of sufficient information to justify a belief therein.

65.

The allegations of paragraph 65 are denied.

66.

The allegations of paragraph 66 are denied.

67.

The allegations of paragraph 67 are denied.

68.

Princeton re-avers and incorporates its responses in paragraphs 1 through 67 as if stated herein *in extenso*.

69.

The allegations of paragraph 69 constitute a legal conclusion to which no response is required. However, if a response is required, the allegations are denied.

70.

The allegations of paragraph 70 are denied.

71.

The allegations of paragraph 71 are denied.

72.

The allegations of paragraph 72 are denied.

73.

The allegations of paragraph 73 are denied.

74.

The allegations of paragraph 74 are denied.

75.

The allegations of paragraph 75 are denied.

76.

The allegations of paragraph 76 are denied.

77.

The allegations of paragraph 77 are denied for lack of sufficient information to justify a belief therein.

78.

The allegations of paragraph 78 are denied for lack of sufficient information to justify a belief therein.

79.

The allegations of paragraph 79 are denied.

80.

The allegations of paragraph 80 are denied.

81.

The allegations of paragraph 81 are denied.

82.

Princeton re-avers and incorporates its responses in paragraphs 1 through 81 as if stated herein *in extenso*.

83.

The allegations of paragraph 83 constitute a legal conclusion to which no response is required.  However, if a response is required, the allegations are denied.

84.

The allegations of paragraph 84 are denied.

85.

The allegations of paragraph 85 are denied.

86.

The allegations of paragraph 86 are denied.

87.

The allegations of paragraph 87 are denied.

12

88.

The allegations of paragraph 88 are denied.

89.

The allegations of paragraph 89 are denied.

90.

The allegations of paragraph 90 are denied.

91.

The allegations of paragraph 91 are denied.

92.

The allegations of paragraph 92 are denied for lack of sufficient information to justify a belief therein.

93.

The allegations of paragraph 93 are denied for lack of sufficient information to justify a belief therein.

94.

The allegations of paragraph 94 are denied.

95.

The allegations of paragraph 95 are denied.

96.

The allegations of paragraph 96 are denied.

97.

Princeton re-avers and incorporates its responses in paragraphs 1 through 96 as if stated herein *in extenso*.

13

98.

The allegations of paragraph 98 are denied for lack of sufficient information to justify a belief therein.

99.

The allegations of paragraph 99 are denied for lack of sufficient information to justify a belief therein.

100.

The allegations of paragraph 100 are denied.

101.

The allegations of paragraph 101 are denied.

102.

The allegations of paragraph 102 are denied.

103.

Princeton re-avers and incorporates its responses in paragraphs 1 through 102 as if stated herein *in extenso*.

104.

The allegations of paragraph 104 are denied.

105.

The allegations of paragraph 105 are denied.

106.[1]

The allegations of paragraph 106 are denied.

---

[1] The Complaint contains two paragraphs 106. This response is in answer to the first of the two.

107.[2]

The allegations of paragraph 107 are denied.

106.[3]

To the extent the allegations of paragraph 106 are directed at Princeton, Princeton admits that it issued a Retained Limit Policy, Policy no. N1-A3-RL-0000073-05 (the "Policy"), to LaSalle Management Company, LLC with effective dates of June 30, 2016 to June 30, 2017. The Policy is in writing and is the best evidence of its terms, conditions, provisions, exclusions, and limitations, which are expressly pled as if copied herein *in extenso*. Any allegations of fact or law in paragraph 106 or any other paragraph of the Complaint or Amended Complaint which purport to modify, extend, alter, or otherwise vary the terms, conditions, provisions, exclusions, and limitations of the Policy are expressly denied. Except as specifically admitted, the allegations are denied.

107.[4]

To the extent the allegations of paragraph 107 are directed at Princeton, Princeton admits that it issued a Retained Limit Policy, Policy no. N1-A3-RL-0000073-05 (the "Policy"), to LaSalle Management Company, LLC with effective dates of June 30, 2016 to June 30, 2017. The Policy is in writing and is the best evidence of its terms, conditions, provisions, exclusions, and limitations, which are expressly pled as if copied herein *in extenso*. Any allegations of fact or law in paragraph 106 or any other paragraph of the Complaint or Amended Complaint which purport to modify, extend, alter, or otherwise vary the terms, conditions, provisions, exclusions, and limitations of the Policy are expressly denied. Except as specifically admitted, the allegations are denied.

---

[2]   The Complaint contains two paragraphs 107. This response is in answer to the first of the two.
[3]   The Complaint contains two paragraphs 106. This response is in answer to the second of the two.
[4]   The Complaint contains two paragraphs 107. This response is in answer to the second of the two.

108.

Princeton denies that Plaintiffs are entitled to the relief sought in paragraph 108.

109.

Princeton hereby requests a trial by jury.

To the extent Plaintiffs' Prayer for Relief requires a response, the Prayer is denied.

AND NOW, in further answer to the Complaint and Amended Complaint, Princeton avers:

### THIRD DEFENSE

The claims of Plaintiffs are barred to the extent Plaintiffs have failed to exhaust any applicable administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C.A. § 1997.

### FOURTH DEFENSE

The claims of Plaintiffs may be barred in whole or in part by prescription, peremption or by the doctrines of waiver, release, estoppel, laches, accord and satisfaction, or unclean hands.

### FIFTH DEFENSE

Plaintiffs' alleged recovery is precluded, in whole or in part, to the extent their injuries or damage were the result of independent, intervening, or superseding causes.

### SIXTH DEFENSE

The claims of Plaintiffs are barred, in whole or in part, to the extent the alleged injuries or damages were caused or contributed to by the fault of Plaintiffs.

## SEVENTH DEFENSE

The claims of Plaintiffs are barred, in whole or in part, to the extent the injuries or damages as alleged were caused or contributed to by the fault of parties for whom Princeton and its insured(s) are not responsible.

## EIGHTH DEFENSE

The claims of Plaintiffs are barred in whole or in part to the extent Plaintiffs failed to mitigate their damages.

## NINTH DEFENSE

Princeton pleads the terms, conditions, exclusions, and limitations of the Princeton Policy as if copied herein *in extenso*.

## TENTH DEFENSE

Coverage under the Princeton Policy is subject to certain limits of liability that apply "per occurrence" or "per wrongful act."  Princeton pleads all applicable limits of liability under the Policy.  Further, to the extent that those limits have been exhausted, Plaintiffs are not entitled to any coverage.

## ELEVENTH DEFENSE

Any liability coverage under the Princeton Policy applies only to individuals and entities qualifying as an "insured" under the Policy.  To the extent a party is not an "insured" under the Princeton Policy, there is no coverage for its liability.

**TWELFTH DEFENSE**

Coverage under the Princeton Policy applies only in excess of the "Retained Limit" as that term is defined in the Policy. To the extent the "Retained Limit" has not been fulfilled in the manner provided by the Policy, there is no coverage under the Princeton Policy.

**THIRTEENTH DEFENSE**

Coverage under the Princeton Policy's General Liability Coverage Part is predicated on there being "bodily injury," "personal injury," or "advertising injury" as those terms are defined by the Policy. To the extent the Plaintiffs have not alleged or sustained "bodily injury," "personal injury," or "advertising injury," Plaintiffs are not entitled to any coverage under the Policy.

**FOURTEENTH DEFENSE**

Coverage under the Policy's General Liability Coverage Part applies only to the extent there is an "occurrence," as that term is defined by the Policy:

26. **Occurrence**

    *Means:*

    a.    With respect to **Bodily Injury** and **Property Damage**, an accidental happening, including continuous or repeated exposure to substantially the same general harmful conditions which results in **Bodily Injury** or **Property Damage**. All such exposure to substantially the same general conditions will be considered as arising out of one **Occurrence**;

    b.    With respect to **Personal Injury**, only the offenses specified in the **Personal Injury** Definition. All damages arising out of substantially the same **Personal Injury** regardless of frequency, repetition, the number or kind of offenses, or number of claimants, will be considered as arising out of one **Occurrence**;

To the extent Plaintiffs have not alleged damages due to an "occurrence," there is no coverage under the Policy's General Liability Coverage Part.

18

**FIFTEENTH DEFENSE**

Coverage is excluded or limited under the Policy's General Liability Coverage Part to the extent any of the following exclusions apply:

E. EXCLUSIONS
The following exclusions apply to this Coverage Part in addition to the exclusions in the Liability Conditions, Definitions and Exclusions section of this policy.

The insurance under this Coverage Part does NOT apply to:

1. Any **Bodily Injury, Property Damage, Personal Injury or Advertising Injury** for which coverage is provided under another Coverage Part of this policy.
   *                *                *
3. **Advertising Injury** or **Personal Injury** caused by or at the direction of the **Insured** with the knowledge that the act would violate the rights of another and would inflict **Advertising Injury** or **Personal Injury**.
   *                *                *
6. Any liability arising out of **Employment Practices Violations**, any form of discrimination or violation of civil rights. However, this exclusion does not apply to the extent that coverage is provided under the Law Enforcement Endorsement, if attached to this Coverage Part.
   *                *                *
10. **Personal Injury** arising out of:
    a. Oral or written publication of material, if done by or at the direction of the **Insured** with knowledge of its falsity;
    b. Oral or written publication of material whose first publication took place before the beginning of the **Policy Period.**

**SIXTEENTH DEFENSE**

The Policy's Wrongful Acts coverage applies on a "claims made" basis and, to the extent the insured has not complied with the applicable notice requirements or any other requirements for such coverage, there is no coverage under the Princeton Policy.

**SEVENTEENTH DEFENSE**

Coverage under the Policy's Wrongful Acts Coverage Part requires a "Wrongful Act," as that term is defined by the Policy, in order for there to be any coverage.  The definition of

19

"Wrongful Act" is limited by the Policy's Wrongful Acts Limited – Employment Practices Violations Only Endorsement, which amends the definition to provide:

> 31. **Wrongful Act**
> *Means:*
> Any **Employment Practices Violations** individually or collectively that results directly but unexpectedly and unintentionally in damages to others. All **Claims** involving the same **Wrongful Act** or a series of continuous or interrelated **Wrongful Acts**, by one or more **Insureds**, will be considered as arising out of one **Wrongful Act**. Only one policy issued by us, one **Retained Limit** and Excess Limit Of Insurance is applicable to any one **Wrongful Act.**

To the extent Plaintiffs have not alleged damages due to any "Wrongful Act," there is no coverage under the Policy's Wrongful Acts Coverage Part.

## EIGHTEENTH DEFENSE

Coverage is excluded or limited under the Policy's Wrongful Acts Coverage Part to the extent any of the following exclusions in the Policy apply:

> **E. EXCLUSIONS**
> The following exclusions apply to this Coverage Part in addition to the exclusions found in the Liability Conditions, Definitions and Exclusions section of this policy.
>
> The insurance under this Coverage Part does NOT apply to:
> 1.     Any **Wrongful Act** for which coverage is provided under another Coverage Part of this policy.
>        *                  *                  *
> 9.     Any **Bodily Injury**, **Property Damage**, **Personal Injury** or **Advertising Injury,** except to the extent that coverage is provided for **Employment Practices Violations.**

## NINETEENTH DEFENSE

There is no coverage provided by the Policy's Crime Coverage Part, as the alleged liability does not arise out of the specified crimes for which coverage is afforded.

**TWENTIETH DEFENSE**

Coverage is excluded or limited under the Policy to the extent any of the following exclusions from the Liability Conditions, Definitions, and Exclusions apply:

EXCLUSIONS

All Liability Coverage Parts included in this policy are subject to any applicable exclusions in the Coverage Part and the following Exclusions except as otherwise indicated:

The insurance under any Liability Coverage Part in this policy does NOT apply to:

       *                     *                    *

5. a. Any costs, civil fines, penalties or expenses levied or imposed against an **Insured** arising from any complaint or enforcement action from any federal, state, or local government regulatory agency;

   b. Punitive damages, exemplary damages or the multiplied portion of any damage award; or

   c. Relief or redress in any form other than monetary damages, or for any fees, costs or expenses which an **Insured** may become obligated to pay as a result of any adverse judgment for declaratory relief or injunctive relief.

       *                     *                    *

7. Any liability arising out of **Law Enforcement Activities** of any of your law enforcement departments or agencies, except with respect to the General Liability and **Automobile** Liability Coverage Parts to the extent coverage is provided under the Law Enforcement Endorsement if attached to such Coverage Parts.

       *                     *                    *

9. Any liability arising out of any criminal, fraudulent, dishonest act, or bad faith of an **Insured** or arising from the deliberate violation of any federal, state, or local statute, ordinance, rule or regulation committed by or with the knowledge of an **Insured**.

10. Any liability arising out of **Sexual Abuse** by a **Named Insured** or any of the following:

   a. All persons who are now, were, or shall be your lawfully elected, appointed or employed officials;

   b. Current or former members of commissions, boards or other units operated by you and under your jurisdiction;

   c. All of your current or former employees;

   d. All persons who perform a service on a volunteer basis for you, provided such performance is under your direction and control;

21

e.  All persons or organizations providing service to you under any mutual aid or similar agreement.

With respect to the **Wrongful Act** Liability Coverage Part, this exclusion does not apply to **Sexual Abuse** to the extent coverage is provided under an applicable **Sexual Abuse** endorsement attached to such Coverage Part.

## TWENTY-FIRST DEFENSE

Coverage under the Policy's Law Enforcement Endorsement applies only to damages because of "Law Enforcement Activities," which is defined as:

**Law Enforcement Activities**
*Means:*
The activities of any law enforcement official, officer, reserve officer, officer of a jail, nurses who work in jails, auxiliary officer, volunteer law enforcement officers or officials representing a law enforcement agency of the named insured.

To the extent Plaintiffs' damages are not because of "Law Enforcement Activities," there is no coverage under the Policy's Law Enforcement Endorsement.

## TWENTY-SECOND DEFENSE

Coverage may be excluded or limited by the following provisions in the Policy's Law Enforcement Endorsement:

2. Under the General Liability Coverage Part:
a. Exclusion 2. of RL 1000 GLOC or Exclusion 4. of RL 1000 GLCM (Intentional **Bodily Injury** or **Property Damage**) is amended to read as follows:
**Bodily Injury** or **Property Damage** either expected or intended from the standpoint of an **Insured.** This exclusion does not apply:
   a.  To **Bodily Injury** resulting from the use of reasonable force to protect persons or property; or
   b.  With respect to your **Law Enforcement Activities**, including **Bodily Injury** or **Property Damage** within the impoundment, arrest or incarceration process (unless deemed to be a criminal act).
       *                              *                              *

22

D. DEFINITIONS

1. Under the Definitions section of the Liability Conditions, Definitions and Exclusions section of the policy, the following is added to the definition of **Personal Injury:**
> With respect to the General Liability Coverage Part, the following offenses are added with respect to **Law Enforcement Activities**:
>> d. Violation of civil rights;
>> e. Violation of property rights;
>> f. Erroneous service of process;
>> g. Discrimination;
>> if not arising out of **Employment Practices Violations**.

## TWENTY-THIRD DEFENSE

To the extent Plaintiffs have alleged any "sexual abuse," as that term is defined by the Policy, coverage may be modified by the following provisions in the Policy's Sexual Abuse Endorsement:

> B. EXCLUSIONS
> In addition to the Exclusions in the Liability Conditions, Definitions and Exclusions section of the policy and the Exclusions in the General Liability Coverage Part the following applies:
> 1. Exclusion 10. in the Liability Conditions, Definitions and Exclusions section of the policy is amended to read:
>    The insurance under this policy does NOT apply to any liability arising out of **Sexual Abuse** or **Sexual Harassment** by an **Insured**. However, with respect to the General Liability Coverage Part, this exclusion does not apply to the extent coverage is provided for **Sexual Abuse** under the **Sexual Abuse** Endorsement attached to such Coverage Part.
> 2. Exclusion 4. in the General Liability Coverage Part is amended to read:
>    4. **Bodily Injury** or **Property Damage** either expected or intended from the standpoint of the **Insured**. This exclusion does not apply:
>       a. To **Bodily Injury** resulting from the use of reasonable force to protect persons or property;
>       b. To the extent that coverage is provided under the Law Enforcement Endorsement, if attached to this Coverage Part; or
>       c. To the extent that coverage is provided for **Sexual Abuse** under the **Sexual Abuse** Endorsement, if attached to this Coverage Part.

23

**TWENTY-FOURTH DEFENSE**

Any coverage under the Policy's Sexual Abuse Endorsements applies on a "claims made" basis and, to the extent the insured has not complied with the applicable notice requirements or any other requirements for such coverage, there is no coverage under the Princeton Policy.

**TWENTY-FIFTH DEFENSE**

Coverage is precluded or limited to the extent the following Policy provision applies:

**PUNITIVE OR EXEMPLARY DAMAGES AMENDMENT**

\*                    \*                    \*

The insurance under this policy does NOT apply to:

    a.  Any costs, civil fines, penalties or expenses levied or imposed against an **Insured** arising from any complaint or enforcement action from any federal, state, or local government regulatory agency;

    b.  The multiplied portion of any damage award; or

    c.  Relief or redress in any form other than monetary damages, or for any fees, costs or expenses which an **Insured** may become obligated to pay as a result of any adverse judgment for declaratory relief or injunctive relief.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims for punitive damages violate the constitutional safeguards due defendants under the United States and Louisiana Constitutions.

**TWENTY-SEVENTH DEFENSE**

Princeton asserts it will be entitled to an award of attorneys' fees and costs to the extent it is the prevailing party pursuant to 42 U.S.C. §1988.

**TWENTY-EIGHTH DEFENSE**

Princeton hereby incorporates the defenses of all defendants in this action, to the extent they apply to Princeton, as if copied herein *in extenso*.

## TWENTY-NINTH DEFENSE

Princeton reserves the right to supplement or amend its Answer to assert such further affirmative defenses as may become apparent.

**WHEREFORE,** defendant The Princeton Excess and Surplus Lines Insurance Company prays that its Answer be deemed good and sufficient and that, after due proceedings are had, that there be judgment herein in its favor, and against Plaintiffs, and for other such general and equitable relief as may be appropriate.

Respectfully submitted,


/s/ Jameson M. Taylor_____
Andrew A. Braun, T.A. (#3415)
Jameson M. Taylor (#32718)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square - Suite 4800
701 Poydras Street
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
Email: abraun@glllaw.com
Email: jtaylor@glllaw.com
***Attorneys for The Princeton Excess and Surplus Lines Insurance Company***


## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2019, a copy of the foregoing was filed through the Court's CM/ECF filing system, which will send notice of filing to all counsel of record.


/s/ Jameson M. Taylor_____
Jameson M. Taylor


25