**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**ADLEY T CAMPBELL ET AL**                    **CASE NO. 3:17-CV-01454**

**VERSUS**                                     **JUDGE TERRY A. DOUGHTY**

**LASALLE MANAGEMENT CO LLC ET AL**           **MAG. JUDGE KAREN L. HAYES**

**SETTLEMENT CONFERENCE ORDER**

At the parties' request, a settlement conference will be held before Magistrate Judge Karen L. Hayes beginning on **March 03, 2020, at 9:30 a.m.**, on the Third floor of the U.S. Courthouse, 201 Jackson Street, Monroe, Louisiana.

The following orders are entered to assist me in an objective appraisal and evaluation of the lawsuit, and to ensure that the necessary parties are present for the conference.

**I.     CONFIDENTIAL STATEMENTS**

   a.     Each party shall mail or deliver to my office (**and** transmit via e-mail to hayes_motions@lawd.uscourts.gov), a written Confidential Settlement Conference Statement **to arrive no later than February 27, 2020**.   The statement shall contain the following, in outline form, set out in sections lettered and numbered as follows:

      i.     The name and title, if applicable, of the client or authorized representative who will be attending the conference with counsel.

      ii.    A statement confirming that the person identified in the preceding paragraph **PERSONALLY** has full settlement authority as defined on p. 3 of this order under Section B, "ATTENDANCE."   This means, for example, that no phone call to any other person will be necessary before the attending client or representative can make significant or even drastic changes in the settlement posture of the party in question, unless approval for such an arrangement has been obtained from the court in advance.

      iii.   A brief analysis of (1) the key issues involved in the litigation, with each issue numbered separately, and (2) and "sticking points" preventing settlement, identified and numbered separately.

      iv.    A brief description of (1) the strongest and (2) the weakest points in your case, both legal and factual, and (3) your most persuasive argument.

      v.     Status of any settlement negotiations, including the last settlement

proposal made by you and to you.   (PARTIES <u>MUST</u> MAKE A GOOD FAITH EXCHANGE OF OFFERS PRIOR TO THE CONFERENCE!)

vi.  A likely total judgment if plaintiff were to prevail.

vii.  The chance, expressed as a percentage, that plaintiff will prevail at trial.

viii.  The bottom-line settlement proposal that you would be willing to make in order to conclude the matter and stop the expense of litigation.

ix.  (1) An estimate of the legal fees and expenses which the client will incur from the date of the conference through the trial level, if the case is not settled.   (2) Does this affect the settlement?   (3) If so, state whether you have communicated this to opponents?

x.  A statement as to whether there is any ancillary litigation pending or planned which affects case value.

xi.  A statement as to (1) whether there is confidential information which affects case value, (2) why can't/won't/shouldn't it be disclosed, and (3) how can the other side be persuaded to change value if it doesn't have this information?

b.  In addition, to the extent that they exist, <u>and to the extent that counsel considers them relevant to settlement</u>, copies of the following documents may be attached to the Confidential Settlement Conference Statement:

i.  <u>Major</u> relevant medical reports concerning plaintiff's medical condition;

ii.  Economic loss reports;

iii.  Liability expert reports;

iv.  Any other documents which counsel believe may be of benefit to the Court in evaluating the case.

c.  The contents of the Statements and all other confidential communications made in connection with the settlement conference will not be disclosed to anyone without the express permission of the communicating party.   The Statements and any other documents submitted for the settlement conference will be maintained in chambers and will be destroyed after the conference.

2

## II.   ATTENDANCE

a.   **TRIAL COUNSEL AND A REPRESENTATIVE OF EACH PARTY WITH FULL SETTLEMENT AUTHORITY (DEFINED BELOW) SHALL PERSONALLY ATTEND THE CONFERENCE**.   This order is made on consideration of the specific facts and the nature of this case, and in light of the court's interest in using judicial resources in the most efficient manner possible. In re Stone, 986 F.2d 898 (5th Cir. 1993).

If personal attendance would be burdensome or unnecessary, a party may apply for an exception to this requirement.

"Full settlement authority" is defined as final settlement authority to commit the defendant to pay, **in the representative's discretion**, a settlement amount up to the plaintiff's prayer (excluding punitive damage prayers in excess of $100,000) or up to the plaintiff's last demand, whichever is **lower**.

For a plaintiff, the representative must have final authority, **in the representative's discretion**, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to the defendant's last offer.

b.   All persons attending must be prepared to remain at the conference until either a settlement is reached or I decide that further negotiation would be futile.   Travel arrangements should be made with that in mind.

c.   Failure to fully comply with these attendance requirements may result in the imposition of appropriate sanctions.

## III.   FORMAT

The Court will use a mediation format, to include private caucusing with each side; the judge may address your client directly.

## IV.   CLOSING

a.   If settlement is reached, do you want it on the record?

b.   How soon could checks/closing documents be received?

In Chambers, at Monroe, Louisiana, this 26th day of November, 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

3